# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LENTO LAW GROUP PC AND LENTO LAW FIRM,<br><br>Plaintiffs,<br><br>v.<br><br>KRIS EMNMANUEL ESTRADA<br><br>Defendants. | **Civil Action No.**<br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

COMES NOW Defendant Kris Emmanuel Estrada ("Mr. Estrada"), pursuant to 28 U.S.C. §§ 1441 and 1332, and hereby removes the action styled *Lento Law Firm v. Kris Emmanuel Estrada*, Philadelphia Court Common Pleas, Case ID 250501204 (the "Action"), and in support hereof avers as follows:

## FACTS PERTINENT TO REMOVAL AND THIS COURT'S JURISDICTION

1. On May 9, 2025, Plaintiffs Lento Law Group PC and Lento Law Firm ("Plaintiffs") filed their Complaint commencing the Action (the "Complaint"). A true and correct copy of the Complaint is attached hereto as Ex. A.

2. As set forth in the Complaint, Plaintiff Lento Law Group is a citizen of New Jersey, Plaintiff Lento Law Firm is a citizen of Pennsylvania, and Mr. Estrada is a citizen of California. *See* Complaint, Ex. A at ¶ 1-4.

3. The Complaint alleges the claims arose out of events occurring in Philadelphia County. *See* Complaint, Ex. A at ¶ 6.

4. The Complaint was served on Mr. Estrada at his residence in California on March 12, 2025.

5.      The Complaint asserts claims against Mr. Estrada for defamation, trade libel, tortious interference with prospective economic advantage, and unjust enrichment based on allegations that Mr. Estrada posted online reviews of the legal services he received as a client of Plaintiffs. *See generally* Complaint, Ex. A.

6.      For each claim asserted in the Complaint, Plaintiffs state the amount in controversy exceeds $50,000 and for each claim they allege and seek damages of an unlimited and undefined amount that include compensation for reduced revenue and lost business opportunities for their legal services. *See, e.g.*, Complaint, Ex. A, at p. 10 ¶ A, B; p. 12 ¶ A, B; p. 14 ¶ A, B.

## THE REQUIREMENTS FOR REMOVAL
## UNDER 28 U.S.C. §§ 1441 AND 1332 ARE SATISFIED

7.      Removal of a case filed in state court to federal district is appropriate where diversity jurisdiction is established. 28 U.S.C.A. § 1441.

8.      Diversity jurisdiction is established where the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C.A. § 1332(a).

9.      "In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004). However, "[w]here the complaint is silent, ambiguous, or does not seek damages in a precise monetary amount, the court may look to the notice of removal and, on its own motion, may make an independent evaluation of the claim from the record before it." *Hamm v. Allstate Property & Cas. Ins. Co.*, 908 F.Supp.2d. 656, 663 (3d. Cirt. 2012); *see also, Samuel-Bassett*, 357 F.3d at 399 (3d Cir. 2004)(noting when complaint only alleges general categories of damages, Court "must translate the categories plaintiff cites into monetary sums" to determine amount in controversy.).

10. *"*The amount in controversy is *not measured by the low end of an open-ended claim,* but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d. 142 146 (3d Cir. 1993)(emphasis added). The inquiry must be "realistic" and "objective." *Hamm*, 908 F.Supp.2d. at 663; *see also Angus*, 989 F.2d. at 146 (affirming trial court's determination that jurisdiction threshold amount was satisfied when "complaint seeks *at least* $40,000 in compensatory and punitive damages [and] the complaint does not limit its request for damages to a precise monetary amount.")(emphasis in original).

11. As set forth above, the Complaint alleges that plaintiffs and Mr. Estrada are citizens of different states and the Complaint prays for damages of an unlimited and undefined amount, but *exceeding* $50,000.[1] *See supra* ¶ 2, 5.

12. However, a "reasonable reading of the value of the rights being litigated" demonstrates that the alleged damages exceed $75,000.

13. For example, Plaintiffs contend that as a result of Mr. Estrada's alleged wrongful conduct "several current clients stopped engaging with the Plaintiffs and demanded immediate refunds for services. These individuals had previously relied on the Plaintiffs to handle their cases." Complaint, ¶ 43.

14. Plaintiffs also allege that Mr. Estrella's alleged wrongful conduct, "deprived of patronage, trade, and the reasonable profits that would have been earned from such representations,

---

[1] Under Pa.R.C.P. 1021(b) "Any pleading demanding relief for unliquidated damages shall not claim any specific sum." However, under Pennsylvania law, matters with an amount in controversy $50,000 or less are subject to compulsory arbitration. 42 Pa.C.S. § 7361. For these reasons, it is common for Complaints filed in Pennsylvania Court of Common Pleas to not provide a true estimate of damages, but instead to simply assert – just as Plaintiffs do in the instant matter – an open-ended claim that "the amount in controversy is in excess of $50,000.00 and this matter need not be submitted to arbitration." Complaint at 11, 12, 14, 16.

if not for the Defendant's false and defamatory statements. As a result of these statements, the Plaintiff experienced a significant decline in business and profits." Complaint, ¶ 44.

15. As set forth above, the Complaint alleges that plaintiffs and Mr. Estrada are citizens of different states and the Complaint prays for damages of an unlimited and undefined amount. *See supra* ¶ 2, 5. Accordingly, the requirements for removal under 28 U.S.C. §§ 1441 and 1332 are satisfied and the Action should be removed to this Court.

16. Venue in this Court is proper because the Complaint alleges the claims arose out of events occurring in Philadelphia County. *See* Complaint, Ex. A at ¶ 6.

17. By removing the Action to this Court, Mr. Estrada does not waive any defenses available to him, nor does he admit any of the allegations in the Complaint.

## CONCLUSION

WHEREFORE, pursuant to 28 U.S.C. §§ 1441 and 1332, the action styled *Lento Law Firm v. Kris Emmanuel Estrada*, Philadelphia Court Common Pleas, Case ID 250501204 (the "Action") should be removed to this Court.

Dated: May 30, 2025                By: */s/ Seth A. Goldberg*
                                                  Seth A. Goldberg, Esq. (001542004)
                                                  PASHMAN STEIN WALDER HAYDEN
                                                  A Professional Corporation
                                                  2005 Market Street, Suite 3150
                                                  Philadelphia, PA 19103
                                                  sgoldberg@pashmanstein.com
                                                  (267) 319-7762

                                                  Bruce S. Rosen, Esq. (*pro hac vice* forthcoming)
                                                  PASHMAN STEIN WALDER HAYDEN
                                                  A Professional Corporation
                                                  Court Plaza South
                                                  21 Main Street, Suite 200
                                                  Hackensack, NJ 07601
                                                  (201) 488-8200

                                                  *Attorneys for Plaintiff Kris Emmanuelle Estrada*

## **CERTIFICATE OF SERVICE**

I, Seth Goldberg, hereby certify that on May 30, 2025, the above document was served on counsel for the Plaintiffs via electronic mail.

*/s/ Seth Goldberg*
Seth Goldberg