# Exhibit A



JURY TRIAL IS DEMANDED
THIS IS NOT AN ARBITRATION MATTER
ASSESSMENT OF DAMAGES HEARING
IS NOT REQUIRED.

LENTO LAW GROUP, P.C.
LAWRENCE A. KATZ, ESQUIRE
ATTORNEY ID: 30261
1650 MARKET STREET, SUITE 3600
PHILADELPHIA, PENNSYLVANIA 19103
(T) (267) 833-0200
(F) (267) 833-0300
lakatz@lentolawgroup.com
*Attorney for Plaintiff, Lento Law Firm*

| | |
|---|---|
| LENTO LAW GROUP PC<br>1814 EAST RT 70 STE 321<br>Cherry Hill, NJ 08003<br>and<br>LENTO LAW FIRM<br>1650 Market Street, Suite 3600<br>Philadelphia, Pennsylvania 19103<br>v.<br>KRIS EMMANUEL ESTRADA<br>2163 Corktree Lane<br>San Jose, CA 95132<br>       *Defendant.* | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br>LAW DIVISION<br><br><br>MAY TERM, 2025<br><br>NO.:<br>_____ |

1

Case ID: 250501204

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | La han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. | USTED PUEDE PERER DINERO O SUS PROPIEDADES U OTROS DERECHOS IMPORTANTES PARA USTED. LLEVA ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. |
| IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| Philadelphia Bar Association Lawyer Referral and Information Service<br>1101 Market Street – 11th Floor<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 | Asociacion de Licenciados de Filadelfia Servicio de Referencia e Informacion Legal<br>1101 Market Street – 11th Floor<br>Filadelfia, Pennsylvania 19107<br>(215) 238-6333 TTY<br>(215) 451-6197 |

Case ID: 250501204

## COMPLAINT - CIVIL ACTION
## PARTIES, JURISDICTION, & VENUE

1. At all times relevant herein, Plaintiff LENTO LAW GROUP P.C., ("Group") is a professional corporation, with a corporate headquarters and principal place of business in the State of New Jersey located at 1814 EAST RT 70 STE 321, Cherry Hill, NJ 08003.

2. At all times relevant herein, Plaintiff LENTO LAW FIRM, ("Firm") is a professional corporation, with a corporate headquarters located at 1650 Market Street, Suite 3600, Philadelphia, Pennsylvania 19103.

3. Throughout this Complaint, Firm and Group will be used interchangeably as claims against one entity adversely affects the other. They are collectively referred to as "Plaintiffs."

4. At all times relevant herein, Defendant KRIS ESTRADA ("Defendant") is, upon information and belief, an individual, with a residential address for service of process believed to be 2163 Corktree Lane, San Jose, CA 95132

5. This Court has original jurisdiction over this matter pursuant to 42 Pa.C.S. § 931.

6. Venue is proper in this Court, pursuant to Rule 1006(a)(1) and Rule 2103(a) of the Pennsylvania Rules of Civil Procedure, as the all or some of the causes of action complained of herein arose in Philadelphia County.

## GENERAL ALLEGATIONS

7. Plaintiffs hereby repeat all of the allegations contained in the Complaint thus far above, and incorporates same as if fully set forth at length herein.

8. At all times relevant herein, Plaintiff LENTO LAW GROUP P.C., (Group) is a professional corporation, with a corporate headquarters and principal place of business in the State of New Jersey located at 1814 RT 70 STE 321, Cherry Hill , NJ 08003.

9. At all times relevant herein, Plaintiff LENTO LAW FIRM (Firm), is a professional

corporation, incorporated in Pennsylvania, with a corporate headquarters and principal place of business in the State of Pennsylvania located at 1500 Walnut Suite 500, Philadelphia, Pennsylvania.

Case ID: 250501204

10. In August 2024, the Defendant reached out to the Plaintiff's law firm for assistance regarding an Interim Suspension at the university he was attending (hereinafter referred to as the "university matter").

11. During the initial discussions with the firm's legal team, the Defendant met with the firm to provide background information regarding the matter at hand. They expressed their interest in engaging the Plaintiffs' advisory services for the university matter, outlining their concerns and expectations for the representation and the Plaintiffs detailed the prospective scope of engagement. These early conversations helped establish the foundation for the engagement, allowing the Plaintiffs to assess the case and begin developing a strategy tailored to the Defendant's needs.

12. The Defendant entered into an agreement with the Plaintiffs for advisory representation in the university matter. As part of this agreement, the Defendant agreed to pay the Plaintiffs a fee of $15,000.00, which was explicitly stated as non-refundable. This arrangement ensured that the Plaintiffs were committed to providing their expertise and services in handling the Defendant's university matter.

13. After the university matter commenced, the Defendant faced additional accusations from the school, this time involving criminal misconduct. The Defendant once again sought the assistance of the Lento Law Group, specifically retaining their legal services for representation in the criminal misconduct ("criminal matter"). In exchange for their expertise and counsel, the Defendant paid the Lento Law Group a sum of $5,000.

14. However, due to the severity of the criminal charges filed against him, the Defendant's criminal charges were upgraded from misdemeanors to a felony.

15. Seemingly dissatisfied with or resentful that the criminal representation was not progressing to the Defendant's satisfaction despite all reasonable efforts being made by the Lento

Case ID: 250501204

Law Group, Defendant engaged new representation who contacted the Plaintiffs on November 18, 2024 demanding a refund of all monies paid to the Plaintiff.

16. In an effort to appease the Defendant, the Plaintiffs agreed to refund the $5,000 paid for the criminal matter in a gesture of good faith despite time, work, resources, etc., having been invested in the criminal matter to date. However, the Plaintiffs declined to refund the Defendant for the work performed on the university matter--- noting that significant time, work, resources, etc., had been invested on the Defendant's behalf to date for the university matter. For example, throughout the university matter representation, Plaintiff engaged in numerous phone calls with Defendant, offering updates, explaining complex school policies, gathering necessary information, and answering Defendant's questions. Plaintiff also drafted multiple email communications for Defendant to send to university officials and prepared talking points for Defendant's meetings.

17. Additionally, the Plaintiffs directly communicated with the University's Office of General Counsel on several occasions to advocate for Defendant's rights and interests, presenting Defendant's case effectively to seek a just resolution. Plaintiff further developed a comprehensive strategy, conducting in-depth research on relevant regulations, analyzing Defendant's position, and crafting a step-by-step plan to achieve the best possible outcome.

18. Furthermore, even after the Defendant withdrew from the case, additional time and effort were dedicated to organizing and preparing his file for transfer to his new legal counsel. This ensured a smooth transition and minimized potential disruptions to the ongoing matter, further demonstrating the comprehensive and diligent work carried out by the Plaintiffs.

19. Due to the Plaintiffs' refusal to issue a refund for the services rendered for the university matter, the Defendant fraudulently disputed the payments with the credit card company through which he had made the transactions. Following the Defendant's challenge, the credit card company

Case ID: 250501204

ruled in his favor, resulting in a full reimbursement of the contested fees. Despite the Plaintiffs' efforts to contest the reversal, they were ultimately unsuccessful due to an administrative error, and the Defendant retained the entirety of the $15,000 fee for the university matter.

20. Shortly thereafter, the Plaintiffs were taken aback to discover that the Defendant had posted numerous defamatory, inaccurate, misleading, untrue, and inflammatory reviews across twelve (12) various online platforms, which included Google Business Profile – Lento Law Firm – New York; Google Business Profile – Lento Law Firm – Washington, D.C.; Google Business Profile – Lento Law Group – New Jersey; Avvo – Joseph Lento; Top Rated Local – Lento Law Firm; Yelp – Lento Law Firm – Philadelphia; Lawyers.com – Joseph Lento; Martindale Hubbell – Joseph Lento; Birdeye – Lento Law Firm; Birdeye – Lento Law Group.

21. Defendant also posted numerous defamatory, inaccurate, misleading, untrue, and inflammatory reviews involving Lento Law across three additional online platforms, which included: Avvo – Lento Law Firm and Terrell Ratliff; Lawyers.com – Lento Law Firm and Terrell Ratliff; and Martindale Hubbel – Lento Law Firm and Terrell Ratliff.

22. The Defendant's primary grievances against the Plaintiffs centered on baseless accusations of professional negligence. He alleged that the Plaintiffs had mishandled his representation. However, these claims were entirely unfounded and lacked any credible evidence to support them.

23. The Defendant also made complaints unrelated to the legal representation he received, which appeared to be driven by a deliberate effort to tarnish the law firm's reputation and deter prospective clients from engaging the Plaintiffs. These complaints were reflected in numerous online posts and included unfounded allegations, such as baseless claims of unethical conduct by the Plaintiffs, and unsupported accusations regarding the Plaintiffs' fee arrangements being unethical.

24. Additionally, the Defendant falsely alleged that non-attorney members of Mr. Lento's staff acted unethically and implied, without evidence, that attorneys at Mr. Lento's office had disciplinary histories. Other fabricated claims included false statements that Mr. Lento's firm lacked partner attorneys barred in Washington, D.C., and erroneous claims regarding the handling of the Defendant's student discipline case, including accusations of failing to review specific university policies. These baseless and inflammatory remarks further demonstrated the Defendant's intent to damage the Plaintiffs' professional standing.

25. Despite having received a full refund for the money paid towards the university matter, the Defendant continued to publish libelous and defamatory posts across multiple online platforms. His actions demonstrate a clear intent to damage the Plaintiffs' reputation and interfere with their business, even after his financial concerns had been addressed. The persistence of these false statements further underscores the Defendant's malicious motives in seeking to discredit the Plaintiffs despite their efforts to resolve the matter amicably.

26. Indeed, the Defendant's numerous libelous reviews illustrate that the Defendant was intent on defaming and harassing Plaintiffs and attorney Lento, intending to interfere with Plaintiffs' business prospects and attorney Lento's ability to make a living by to deterring other clients and potential clients from retaining the Plaintiffs as their attorney.

27. The Plaintiffs issued two (2) separate Cease and Desist letters to the Defendant, formally demanding the removal of the libelous posts from various online platforms. Despite this clear and unequivocal request, the Defendant has, to date, refused to comply, leaving the defamatory content publicly accessible and continuing to harm the Plaintiffs' reputation and professional standing.

28. The Plaintiffs have suffered significant financial damages as a direct result of the Defendant's defamatory actions. The baseless and harmful statements disseminated by the

Case ID: 250501204

Defendant have not only tarnished the Plaintiffs' reputation but also caused a decline in clientele, reduced revenue, and lost business opportunities. These damages have profoundly impacted the Plaintiffs' professional standing and financial stability, underscoring the severity of the Defendant's misconduct.

**FIRST CAUSE OF ACTION**
**DEFAMATION**

29. Plaintiffs hereby repeat all of the allegations contained in the Complaint thus far above, and incorporates same as if fully set forth at length herein.

30. Defendant has defamed the Plaintiffs through the form of Defendant's online post previously referenced herein.

31. In Pennsylvania, to establish a prima facia case of defamation, "[T]he plaintiff has the burden of proving, when the issue is properly raised: (1) The defamatory character of the communication. (2) Its publication by the defendant. (3) Its application to the plaintiff. (4) The understanding by the recipient of its defamatory meaning. (5) The understanding by the recipient of it as intended to be applied to the plaintiff. (6) Special harm resulting to the plaintiff from its publication. (7) Abuse of a conditionally privileged occasion. *Joseph v. Scranton Times L.P.*, 129 A.3d 404, 407 (Pa. 2015).

32. There is no dispute that the Defendant published the statements at issue. He posted the defamatory statements on a social media website open to the public.

33. The post's text makes it clear that the post applies to the Plaintiffs.

34. Any reasonable recipient reading or hearing the post would know that the statements applied to the Plaintiffs.

35. No conditional privilege applies.

36. Special damages are plead in this Complaint.

Case ID: 250501204

37. The character of the communications (posts) are defamatory. "[S]tatements are defamatory if "the statement[s] tend so to harm the reputation of another as to lower him in the estimation of the community or to deter third parties from associating or dealing with him." *Id*.

38. The untrue statements are as follows:

    - False comments about unethical conduct by Plaintiffs members and employees
    - False Statements that the Plaintiffs' fee arrangements are unethical.
    - False Statements that certain non-attorney members of the Plaintiff staff acted unethically.
    - False Statements, without evidence, implying that attorneys at the Plaintiff have disciplinary histories.
    - Falsely stating that the Plaintiffs " do not have any partner attorneys .. Who are barred in Washington DC."
    - Falsely stating that errors were committed in the handling of the Defendant's student discipline case, including "failing to read through specific university policy."

39. As a result of these untrue statements, Plaintiffs have been held out to disrepute and ridicule, with the natural and foreseeable result that current clients will choose to terminate their business relationship with Plaintiffs and potential clients will be deferred from contacting and hiring Plaintiffs.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant, for such sums as would reasonably and properly compensate him in accordance with the laws of the Commonwealth of Pennsylvania, together with interest and court costs, and any other and further relief this Court deems just and proper, including specifically, an Order of the Court compelling Defendant:

A) to compensate Plaintiffs for loss of business due to the defamatory and false statements expressed on the online review platforms;

B) to compensate Plaintiffs for directly and intentionally interfering with potential future clients; and

Case ID: 250501204

C) The amount in controversy is in excess of $50,000.00 and this matter need not be submitted to arbitration.

## SECOND CAUSE OF ACTION
### TRADE LIBEL

40. The Plaintiffs hereby repeat all of the allegations contained in the Complaint thus far above, and incorporate same as if fully set forth at length herein.

41. The Plaintiffs are engaged in the practice of law in Philadelphia, PA, under the trade name of Lento Law Group P.C., and Lento Law Firm.

42. Before the defendant's defamatory publication, the Plaintiff had established a strong goodwill among the public as a reputable law firm operating under its trade name. Additionally, the Plaintiff's personal character had earned a reputation for fairness, courtesy, and a willingness to accommodate, as well as for managing complex cases at reasonable rates. This reputation was highly valuable to the Plaintiff.

43. As a result of the Defendant's defamatory publication, several current clients stopped engaging with the Plaintiffs and demanded immediate refunds for services. These individuals had previously relied on the Plaintiffs to handle their cases.

44. The Plaintiff was deprived of patronage, trade, and the reasonable profits that would have been earned from such representations, if not for the Defendant's false and defamatory statements. As a result of these statements, the Plaintiff experienced a significant decline in business and profits, causing damages to be determined in certain prior to trial.

**WHEREFORE**, Plaintiffs, demands judgment against the Defendant, for such sums as would reasonably and properly compensate him in accordance with the laws of the Commonwealth of Pennsylvania, together with interest and court costs, and any other and further relief this Court deems just and proper, including specifically, an Order of the Court compelling Defendant:

Case ID: 250501204

A) to compensate Plaintiffs for loss of business due to the defamatory and false statements expressed on the online review platforms;

B) to compensate Plaintiffs for directly and intentionally interfering with potential future clients; and

C) The amount in controversy is in excess of $50,000.00 and this matter need not be submitted to arbitration.

## THIRD CAUSE OF ACTION
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

45. Plaintiffs hereby repeat all of the allegations contained in the Complaint thus far above, and incorporates same as if fully set forth at length herein.

46. Pennsylvania courts have adopted the Restatement (Second) of Torts § 766's definition of tortious interference with contract.

47. Per the Restatement (Second) of Torts § 766, interference with contract occurs when someone "intentionally and improperly interferes with the performance of a contract . . . between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract." *See*, *Maier v. Maretti*, 448 Pa. Super. 276, 288; 671 A.2d 701, 707 (1995) (citing *Daniel Adams Assoc., Inc. v. Rimbach Publ'g, Inc.*, 360 Pa. Super. 72, 519 A.2d 997 ; 360 Pa. Super. 72, 519 A.2d 997 (1987)).

48. Thus, to plead a tortious interference with contract claim, a plaintiff must prove:

(i) the existence of a contractual, or prospective contractual, relation between the complainant and a third party;

Case ID: 250501204

(ii)      purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring;

(iii)      the absence of privilege or justification on the part of the defendant; and

(iv)      the occasioning of actual legal damage as a result of the defendant's conduct. *Strickland v. Univ. of Scranton*, 700 A.2d 979, 985 (Pa. Super. 1997).

49. Plaintiffs, as operating law firms, have numerous contracts with already engaged clients, as well as prospective contracts with potential clients not yet engaged. The Defendant, as a long-term client, knew or should have known this.

50. Through Defendant's online posts, the Defendant took purposeful action specifically intended to harm existing relationships between Plaintiffs and their clients, as well as to prevent and dissuade prospective clients from contracting with Plaintiffs.

51. Defendant had no privilege or justification for so interfering with the existing and prospective contractual relations between Plaintiffs and their clients or potential clients, particularly given that Defendant's interference appears to have been motivated out of her discontent that Plaintiff and Defendant did not affirmatively engage in retention and hire Plaintiffs' services.

52. As a direct and proximate result of Defendant's previously stated actions, Plaintiffs have suffered actual and prospective damages in that Plaintiffs' reputation has gone down given the addition of Defendant's one-star review, Plaintiffs' attractiveness and/or reputability to the public has therefore been diminished, and clients or prospective clients who have seen the review (whether this has occurred, Plaintiffs have no way of knowing) can be dissuaded from continuing to utilize Plaintiff's services or may refrain from engaging Plaintiffs at all.

Case ID: 250501204

**WHEREFORE**, Plaintiffs demands judgment against the Defendant, for such sums as would reasonably and properly compensate him in accordance with the laws of the Commonwealth of Pennsylvania, together with interest and court costs, and any other and further relief this Court deems just and proper, including specifically, an Order of the Court compelling Defendant:

A. to compensate Plaintiffs for loss of business due to the defamatory and false statements expressed on the online review platforms;

B. to compensate Plaintiffs for directly and intentionally interfering with potential future clients; and

C. The amount in controversy is in excess of $50,000.00 and this matter need not be submitted to arbitration.

## FOURTH COUNT
## UNJUST ENRICHMENT

53. Plaintiffs hereby repeat all of the allegations contained in the Complaint thus far above, and incorporates same as if fully set forth at length herein.

54. The Defendant entered into a retainer agreement with Plaintiffs, explicitly agreeing to a non-refundable fee of $15,000.00 for representation in a university matter.

55. Relying on this agreement, Plaintiffs devoted significant time and resources to Defendant's case, including an initial consultation lasting approximately 35 minutes to discuss Defendant's situation, review disciplinary procedures, and provide preliminary guidance.

56. Throughout the representation, Plaintiff engaged in numerous phone calls with Defendant, offering updates, explaining complex school policies, gathering necessary information, and answering Defendant's questions. Plaintiff also drafted multiple email communications for Defendant to send to university officials and prepared talking points for Defendant's meetings.

57. Additionally, Plaintiff directly communicated with the University's Office of General Counsel on several occasions to advocate for Defendant's rights and interests, presenting Defendant's case effectively to seek a just resolution. Plaintiff further developed a comprehensive strategy, conducting in-depth research on relevant regulations, analyzing Defendant's position, and crafting a step-by-step plan to achieve the best possible outcome. Despite these substantial services, Defendant voluntarily terminated representation and failed to compensate Plaintiff as required under the agreement. Defendant received substantial benefits from Plaintiff's advocacy, guidance, and strategic planning, which were integral to Defendant's ability to navigate the university matter.

58. Notwithstanding the services rendered, the Defendant wrongfully filed a claim with his credit card company, falsely asserting a right to a refund despite Plaintiff's performance of extensive legal work under the agreed-upon non-refundable retainer.

59. As a result of this fraudulent claim, Defendant was able to obtain a full refund of the fee paid to Plaintiff, thereby **r**etaining the benefits of Plaintiff's services without any financial obligation.

60. The Defendant's actions constitute unjust enrichment, as he unfairly benefited from Plaintiff's substantial legal efforts while evading payment. Given these facts, it would be inequitable for Defendant to retain the benefits of Plaintiff's labor and expertise without just compensation.

**WHEREFORE**, Plaintiffs demands judgment against the Defendant, for such sums as would reasonably and properly compensate him in accordance with the laws of the Commonwealth of Pennsylvania, together with interest and court costs, and any other and further relief this Court deems just and proper, including specifically, an Order of the Court compelling Defendant:

D. to compensate Plaintiffs for loss of business due to the defamatory and false statements expressed on the online review platforms;

E. to compensate Plaintiffs for directly and intentionally interfering with potential future clients; and

F. The amount in controversy is in excess of $50,000.00 and this matter need not be submitted to arbitration.

## DEMAND FOR JURY TRIAL

Pursuant to Pa.R.C.P. 1007.1(a), Plaintiffs hereby demand a trial by jury in this matter.

Dated:                      LENTO LAW GROUP, P.C.

                                     s/ *Lawrence AKatz, Esquire*
                                     LAWRENCE A KATZ
                                     Attorney for Plaintiff

## **VERIFICATION**

I certify that I am a/the plaintiff, or its authorized officer, in the foregoing Complaint and that the facts contained therein, although the language was prepared by and is that of my counsel, are true and correct to the best of my knowledge, information, and belief. I further make this verification subject to all statutes relating to perjury and making false statements.

*Joseph D. Lento*
_____

(Signature)

JOSEPH D LENTO

(Print name)

DATE: 5-8-25