IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

LENTO LAW GROUP PC, et al.,

Plaintiffs,

v.

KRIS EMMANUEL ESTRADA,

Defendant.

:
:
:
:
:
:
:
:
:

CIVIL ACTION

NO.   25-2763

**PLAINTIFFS' RESPONSE TO DEFENDANT'S RULE 12 MOTION
AND COUNTER-MOTION FOR LEAVE TO FILE
A SECOND AMENDED COMPLAINT**

# RESPONSE TO DEFENDANT'S RULE 12 MOTION TO DISMISS

The Defendant filed a Motion to Dismiss, asserting that the Complaint fails to state a cause of action.  In part, Defendant explained the basis for its motion:  "Plaintiffs' claims fail because Plaintiffs *have not identified the specific words Plaintiffs claim are defamatory* and tortious." (Def. Brief at 1)(emphasis added)

The Complaint in this lawsuit was originally filed in Philadelphia Common Pleas Court. The defendant then removed the case to this Honorable Court.  Once in this Court, the parties agreed that Plaintiffs would file an Amended Complaint for the sole purpose of removing the "unjust enrichment" count.

Plaintiffs respectfully submit that the original and amended Complaints would have met the pleading requirements under the Pennsylvania Rules of Civil Procedure and would have been deemed appropriate by the Philadelphia Court of Common Pleas.  However, Plaintiffs recognize that this Court and federal pleadings are controlled by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544

1

(2007).   Plaintiffs further concede that while the Complaint was sufficient for Philadelphia Common Pleas Court, it is likely deficient under *Twombly,*

For this reason, Plaintiffs respectfully request that this Honorable Court grant the below Counter-Motion For Leave To File A Second Amended Complaint and dismiss the pending Rule 12 Motion as moot.

## <u>COUNTER-MOTION FOR LEAVE TO FILE<br>A SECOND AMENDED COMPLAINT</u>

For the reasons set forth below, Plaintiffs respectfully move this Honorable Court to grant Plaintiffs leave to file a Second Amended Complaint:

1.      This lawsuit alleges that the defendant posted numerous defamatory statements on social media and the Internet about the Plaintiffs.

2.      A Complaint was originally filed in the Philadelphia Court of Common Pleas, Case No. 250501204.

3.      On May 30, 2025, Defendant filed a Notice of Removal to this Court.  (Dkt. 1)

4.      On June 2, 2025, an Amended Notice of Removal was filed.  (Dkt. 6)

5.      On June 12, 2025, the parties filed a Stipulation to permit Plaintiffs to file an Amended Complaint.  The Stipulation resulted from a telephone conversation between counsel wherein it was agreed that the "unjust enrichment" count would be removed.  (Dkt. 9)

6.      This Court ordered that an Amended Complaint be filed, and on June 16, 2025, an Amended Complaint was filed.  It was identical to the Complaint filed in Philadelphia Common Pleas Court, except for the caption and the removal of the "unjust enrichment" clause.  (Dkt. 10, 11)

7.      On June 23, 2025, Defendant filed a Rule 12 Motion To Dismiss For Failure To State A Claim.  (Dkt. 12)

8.      On June 24, 2025, this Court granted the Plaintiff until July 18, 2025 to respond to said Motion.  (Dkt. 14)

9.      F.R.C.P. 15(a)  provides:

> **(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course no later than:
> **(A)** 21 days after serving it, or
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

10.     However, Plaintiffs have already filed an Amended Complaint pursuant to the Stipulation of Counsel and this Court's Order.  (Dkt. 9, 10)

11.     As explained in Plaintiffs' Motion to Extend the Time to File a Response to the Rule 12 Motion (Dkt. 13), "Plaintiffs' counsel has other significant briefs due at approximately the same time.  Plaintiffs' counsel seeks additional time to file their Response so that they can provide the best possible legal analysis to assist the Court in deciding the pending motion."  (Dkt. 13, ¶¶ 5, 6)

12.     On July 14, 2025, Plaintiff's counsel, for the first time, had an opportunity to study the Rule 12 Motion.  During that analysis, Plaintiff's counsel first recognized that the Amended Complaint might not pass the *Twombly* test.  However, Plaintiff could not simply file an amended Complaint because (1) a first Amended Complaint had already been filed and (2) more than 21 days had elapsed since the Rule 12 Motion was filed.

13.     Accordingly, leave of the Court is necessary to file a Second Amended Complaint that will cure the probable *Twombly* deficiencies.  (See, F.R.C.P. 15(a)(2)).[1]

14.     F.R.C.P. 15(a)(2) provides, " The court should freely give leave when justice so requires."

15.     Only one month ago, the United States Supreme Court held, "Rule 15(a) governs pretrial amendments, and sets forth a standard under which courts 'should freely give leave when justice so requires.'  Rule 15(a)(2). The Rule's 'purpose is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities.' 6 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §1471, p. 587 (3d ed. 2010) (Wright & Miller)." *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1621 (2025).

16.     In *Adams v. Gould, Inc*., 739 F.2d 858, 864 (3d Cir. 1984), the Third Circuit Court of Appeals held, "Fed. R. Civ. P. 15 embodies the liberal pleading philosophy of the federal rules. Under Rule 15(a), a complaint may be amended once as a matter of right and afterward by leave of the court, which is to be freely granted. *See Foman v. Davis*, 371 U.S. 178, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962); *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597-98 (5th Cir. 1981). This liberal amendment philosophy limits the district court's discretion to deny leave to amend. The district court may deny leave to amend only if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party."

17.     *See also*, *Foman v. Davis*, 371 U.S. 178, 182 (1962); *J.E. Mamiye & Sons, Inc. v. Fid. Bank*, 813 F.2d 610, 613 (3d Cir. 1987); *Fraser v. Nationwide Mut. Ins. Co*., 352 F.3d 107, 109 (3d Cir. 2003)("While Rule 15(a) also states that leave to amend should be 'freely given,' a district court has discretion to deny a request to amend if it is apparent from the record that (1) the

---

[1] Defendant denied Plaintiffs' request that it consent to their filing a second Amended Complaint.

moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party."

18.    *J.E. Mamiye & Sons, Inc. v. Fid. Bank*, 813 F.2d 610 (3d Cir. 1987), is instructive. In *Mamiye*, the District Court denied a motion to amend a complaint.  A judgment had been entered against Fidelity, and Mamiye served attachment interrogatories, which Fidelity answered.  Fidelity then filed a Motion for Summary Judgment, and Mamiye filed a motion to file an amended complaint.  The District Court denied the motion to file an amended complaint and granted the motion for summary judgment.  The Court of Appeals held that the District Court had improperly denied the motion to amend.  In addressing the issues of undue prejudice, the Court held,

> "In its amended complaint, Mamiye (in the words of the district court) attempted to 'recast its complaint in terms of an allegation of negligent omission, or, in the alternative, of estoppel.' *Id.* at 614.  *
> * * The question remains, however, whether granting the motion to amend would prejudice the defendant. Fidelity argues that the presence of undue delay and potential prejudice as a matter of law precludes Mamiye's amended complaint . . . *Id*. * * * [A]ssuming arguendo that Mamiye's complaint was vague, Fidelity was able to discern allegations of negligence. * * * Fidelity appears fully to have understood the basis for Mamiye's complaint from its initial filing. At most, the amended complaint sought (in the words of the district court) to " recast" the original pleading. The amendment, however, neither required additional discovery nor disrupted the district court's schedule."  Id. at 614-15.

19.    As in *Mamiye*, there is no prejudice to the Defendant by permitting Plaintiffs to file a second Amended Complaint.  The Defendant acknowledges that it understands that Plaintiffs have sued asserting that his social media and Internet posts were defamatory.  (Def. Brief at 1: "[The Complaint] is devoid of any statement allegedly made by Mr. Estrada and . . . because Plaintiffs have not identified the specific words Plaintiffs claim are defamatory.")  Applying the Court of Appeals finding in *Mamiye*, "[Defendant] appears fully to have understood the basis for [Plaintiffs'] complaint from its initial filing.  At most, the amended complaint [seeks] (in the words

of the district court) to 'recast' the original pleading."  In other words, Plaintiffs seek leave to file a second Amended Complaint, not to assert new claims or theories, but to provide additional allegations and evidence to support the previously identified theories.

20.    There has been no undue delay in seeking leave to file a second Amended Complaint.  It has been only 30 days since the Notice of Removal was filed; it has been less than a month since the Defendant filed its Rule 12 Motion; and the Motion for Leave is filed within the time to respond to the Rule 12 Motion.

21.    Plaintiff does not seek to file a second Amended Complaint as a matter of "bad faith."  On the contrary, had the first Amended Complaint not been filed by the consent of the parties to remove the "unjust enrichment" claim, Plaintiff would have been able to file the requested Amended Complaint as a matter of right.  This motion merely seeks to file an amended complaint to respond to the deficiencies alleged in Plaintiff's Rule 12 Motion.

22.    Other than waiting an additional two weeks after this Motion is filed, Defendant will suffer no prejudice.  No scheduling order has been entered and no discovery has yet occurred. There has not yet been an initial conference with the Court.

23.    The second Amended Complaint will not be futile.  Quite the contrary, it will specifically revise the pleading to correct the deficiencies alleged by the Defendant, i.e., copies of the allegedly defamatory posts and additional averments specifying which words or phrases within each post are defamatory.

24.    Two factors are particularly supportive of granting this motion.

25.    First, as mentioned previously, had the agreed-upon first Amended Complaint, which only removed the "undue enrichment" count, not been filed, Plaintiffs would have been able to amend their complaint as a matter of right.

26.    Second, the alleged defamatory statements could not have occurred before August 5, 2024, the day that Defendant retained the Plaintiffs.  Accordingly, the statute of limitations would not run at the earliest, until August 5, 2026.  Plaintiffs could have filed their Complaint a year from now and it would have been timely.  Thus, granting leave to file a second Amended Complaint in 14 days is a minimal delay in the case and creates no undue prejudice to the Defendant.

WHEREFORE, as the proposed second Amended Complaint will not add any new theories or claims against the Defendant; creates no undue prejudice to the Defendant; does not result from any bad faith or dilatory purposes; and merely cures the deficiencies alleged in Defendant's Rule 12 Motion, this Honorable Court should grant Plaintiff's Motion for Leave to File a Seconded Amended Complaint with 14 days and deny the Rule 12 Motion, without prejudice, as moot.

Respectfully submitted,

LENTO LAW GROUP

BY:  <u>Lawrence A. Katz, Esq.</u>
LAWRENCE A. KATZ
Counsel for Defendant
BEOWULF BUILDING
1814 East Route 70 - Suite 321
Cherry Hill, NJ 08003
Phone: 856.652.2000  EXT 497
Fax: 856.375.1010

7

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

LENTO LAW GROUP PC, et al.,
        Plaintiffs,

                                                    :                CIVIL ACTION
                                                    :
            v.                                      :
KRIS EMMANUEL ESTRADA,                              :
                                                    :
                                                    :
        Defendant.                                  :                NO.   25-2763

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS
COUNTER-MOTION FOR LEAVE TO FILE
A SECOND AMENDED COMPLAINT**

**STATEMENT OF FACTS**

This lawsuit alleges that the defendant posted numerous defamatory statements on social media and the Internet about the Plaintiffs. A Complaint was originally filed in the Philadelphia Court of Common Pleas, Case No. 250501204.

On May 30, 2025, Defendant filed a Notice of Removal to this Court. (Dkt. 1) On June 2, 2025, an Amended Notice of Removal was filed. (Dkt. 6) On June 12, 2025, the parties filed a Stipulation to permit Plaintiffs to file an Amended Complaint. The Stipulation resulted from a telephone conversation between counsel wherein it was agreed that the "unjust enrichment" count would be removed. (Dkt. 9)

This Court ordered that an Amended Complaint be filed, and on June 16, 2025, an Amended Complaint was filed. It was identical to the Complaint filed in Philadelphia Common Pleas Court, except for the caption and the removal of the "unjust enrichment" clause. (Dkt. 10, 11)

8

On June 23, 2025, Defendant filed a Rule 12 Motion To Dismiss For Failure To State A Claim. (Dkt. 12) On June 24, 2025, this Court granted the Plaintiff until July 18, 2025 to respond to said Motion. (Dkt. 14) On July 14, 2025, Plaintiff's counsel, for the first time, had an opportunity to study the Rule 12 Motion. During that analysis, Plaintiff's counsel first recognized that the Amended Complaint might not pass the *Twombly* test. However, Plaintiff could not simply file an amended Complaint because (1) a first Amended Complaint had already been filed and (2) more than 21 days had elapsed since the Rule 12 Motion was filed.

Therefore, Plaintiffs filed this Cross-Motion to file a Second Amended Complaint that will cure the probable *Twombly* deficiencies. (See, F.R.C.P. 15(a)(2)).

**ISSUE FOR REVIEW**

Where the defendant files a Rule 12 Motion to Dismiss, partially based on deficiencies in a Compliant, and the Plaintiff seeks leave to file an Amended Complaint, and said motion to amend is not made in bad faith, dilatory purposes, or to create undue delay, and further where the filing of an Amended Complaint will not cause the Defendant any undue prejudice, and will only cure the deficiencies alleged by the Defendant, should the Motion to Amend be granted, and the Rule 12 Motion be denied as moot.

SUGGESTED RESPONSE: **YES.** The Motion to Amend should be granted, and the Rule 12 Motion should be denied as moot.

9

**ARGUMENT**

F.R.C.P. 15(a) provides:

> **(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course no later than:
> **(A)** 21 days after serving it, or
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

F.R.C.P. 15(a)(2) mandates, " The court should freely give leave when justice so requires."

Only one month ago, the United States Supreme Court held, "Rule 15(a) governs pretrial amendments, and sets forth a standard under which courts 'should freely give leave when justice so requires.' Rule 15(a)(2). The Rule's 'purpose is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities.' 6 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §1471, p. 587 (3d ed. 2010) (Wright & Miller)." *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1621 (2025).

In *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984), the Third Circuit Court of Appeals held, "Fed. R. Civ. P. 15 embodies the liberal pleading philosophy of the federal rules. Under Rule 15(a), a complaint may be amended once as a matter of right and afterward by leave of the court, which is to be freely granted. *See Foman v. Davis*, 371 U.S. 178, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962); *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597-98 (5th Cir. 1981). This liberal amendment philosophy limits the district court's discretion to deny leave to amend. The district court may deny leave to amend only if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party."

*See also*, *Foman v. Davis*, 371 U.S. 178, 182 (1962); *J.E. Mamiye & Sons, Inc. v. Fid. Bank*, 813 F.2d 610, 613 (3d Cir. 1987); *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 109 (3d Cir. 2003)("While Rule 15(a) also states that leave to amend should be 'freely given,' a

10

district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party."

*J.E. Mamiye & Sons, Inc. v. Fid. Bank*, 813 F.2d 610 (3d Cir. 1987), is instructive. In *Mamiye*, the District Court denied a motion to amend a complaint. A judgment had been entered against Fidelity, and Mamiye served attachment interrogatories, which Fidelity answered. Fidelity then filed a Motion for Summary Judgment, and Mamiye filed a motion to file an amended complaint. The District Court denied the motion to file an amended complaint and granted the motion for summary judgment. The Court of Appeals held that the District Court had improperly denied the motion to amend. In addressing the issues of undue prejudice, the Court held,

> "In its amended complaint, Mamiye (in the words of the district court) attempted to 'recast its complaint in terms of an allegation of negligent omission, or, in the alternative, of estoppel.' *Id.* at 614. * * * The question remains, however, whether granting the motion to amend would prejudice the defendant. Fidelity argues that the presence of undue delay and potential prejudice as a matter of law precludes Mamiye's amended complaint . . . *Id.* * * * [A]ssuming arguendo that Mamiye's complaint was vague, Fidelity was able to discern allegations of negligence. * * * Fidelity appears fully to have understood the basis for Mamiye's complaint from its initial filing. At most, the amended complaint sought (in the words of the district court) to " recast" the original pleading. The amendment, however, neither required additional discovery nor disrupted the district court's schedule." Id. at 614-15.

As in *Mamiye*, there is no prejudice to the Defendant by permitting Plaintiffs to file a second Amended Complaint. The Defendant acknowledges that it understands that Plaintiffs have sued asserting that his social media and Internet posts were defamatory. (Def. Brief at 1: "[The Complaint] is devoid of any statement allegedly made by Mr. Estrada and . . . because Plaintiffs have not identified the specific words Plaintiffs claim are defamatory.") Applying the

Court of Appeals finding in *Mamiye*, "[Defendant] appears fully to have understood the basis for [Plaintiffs'] complaint from its initial filing. At most, the amended complaint [seeks] (in the words of the district court) to 'recast' the original pleading." In other words, Plaintiffs seek leave to file a second Amended Complaint, not to assert new claims or theories, but to provide additional allegations and evidence to support the previously identified theories.

There has been no undue delay in seeking leave to file a second Amended Complaint. It has been only 30 days since the Notice of Removal was filed; it has been less than a month since the Defendant filed its Rule 12 Motion; and the Motion for Leave is filed within the time to respond to the Rule 12 Motion.

Plaintiff does not seek to file a second Amended Complaint as a matter of "bad faith." On the contrary, had the first Amended Complaint not been filed by the consent of the parties to remove the "unjust enrichment" claim, Plaintiff would have been able to file the requested Amended Complaint as a matter of right. This motion merely seeks to file an amended complaint to respond to the deficiencies alleged in Plaintiff's Rule 12 Motion.

Other than waiting an additional two weeks after this Motion is filed, Defendant will suffer no prejudice. No scheduling order has been entered and no discovery has yet occurred. There has not yet been an initial conference with the Court.

The second Amended Complaint will not be futile. Quite the contrary, it will specifically revise the pleading to correct the deficiencies alleged by the Defendant, i.e., copies of the allegedly defamatory posts and additional averments specifying which words or phrases within each post are defamatory.

Two factors are particularly supportive of granting this motion. First, as mentioned previously, had the agreed-upon first Amended Complaint, which only removed the "undue

12

enrichment" count, not been filed, Plaintiffs would have been able to amend their complaint as a matter of right. Second, the alleged defamatory statements could not have occurred before August 5, 2024, the day that Defendant retained the Plaintiffs. Accordingly, the statute of limitations would not run, at the earliest, until August 5, 2026. Plaintiffs could have filed their Complaint a year from now and it would have been timely. Thus, granting leave to file a second Amended Complaint in 14 days is a minimal delay in the case and creates no undue prejudice to the Defendant.

## CONCLUSION

Because the proposed second Amended Complaint will not add any new theories or claims against the Defendant; creates no undue prejudice to the Defendant; does not result from any bad faith or dilatory purposes; and merely cures the deficiencies alleged in Defendant's Rule 12 Motion, this Honorable Court should grant Plaintiff's Motion for Leave to File a Seconded Amended Complaint with 14 days and deny the Rule 12 Motion, without prejudice, as moot.

Respectfully submitted,

LENTO LAW GROUP

BY:  Lawrence A. Katz, Esq.
LAWRENCE A. KATZ
Counsel for Defendant
BEOWULF BUILDING
1814 East Route 70 - Suite 321
Cherry Hill, NJ 08003
Phone: 856.652.2000  EXT 497
Fax: 856.375.1010

13

VERIFICATION

Lawrence A. Katz, Esquire, counsel for Plaintiff(s), does hereby verify that the facts set forth in the foregoing pleading are true and correct to the best of his knowledge, information and belief.

s/ Lawrence A. Katz LAWRENCE A. KATZ

CERTIFICATE OF SERVICE

The foregoing document, that was electronically filed, was electronically served **on the Court's e-file distribution list**.

s/ Lawrence A. Katz<br>LAWRENCE A. KATZ

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

LENTO LAW GROUP PC, et al.,
**Plaintiffs,**

        v.

KRIS EMMANUEL ESTRADA,

**Defendant.**

:
:       **CIVIL ACTION**
:
:
:
:
:       NO.  25-2763

## O R D E R

AND NOW, this _____ day of _____, 2025, upon consideration of PLAINTIFFS' RESPONSE TO DEFENDANT'S RULE 12 MOTION AND COUNTER-MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT, the Plaintiffs' Cross-Motion to Amend is GRANTED and the Defendant's Rule 12 Motion is DENIED as moot, without prejudice.  Plaintiffs shall file their second Amended Complaint within 14 days of the date this Order is entered.

BY THE COURT:

_____

U.S.D.J.

15