## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LENTO LAW GROUP PC AND LENTO LAW FIRM,<br><br>     Plaintiffs,<br><br>v.<br><br>KRIS EMMANUEL ESTRADA<br><br>     Defendants. | Civil Action No. 25-2763 |

**DEFENDANT'S MEMORANDUM OF LAW IN REPLY TO**
**PLAINTIFFS' OPPOSITION TO DEFENDANT'S RULE 12 MOTION AND**
**COUNTER-MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1
PERTINENT FACTUAL AND PROCEDURAL BACKGROUND........................................... 2
ARGUMENT .................................................................................................................................. 3
    I.   A SECOND AMENDED COMPLAINT WOULD BE FUTILE BECAUSE MR. ESTRADA'S ONLINE REVIEWS, ALL OF WHICH ARE ALREADY BEFORE THE COURT, ARE NOT DEFAMATORY UNDER PENNSYLVANIA LAW ...................... 3
    II.   THE COUNTER-MOTION FOR LEAVE TO AMEND SHOULD BE DENIED BECAUSE PLAINTIFFS DID NOT ATTACH A PROPOSED SECOND AMENDED COMPLAINT TO THE MOTION.................................................................................... 4
    III.   FOLLOWING DISMISSAL UNDER RULE 12(B)(6) FEES SHOULD BE AWARDED UNDER THE ANTI-SLAPP LAW ................................................................................. 5
CONCLUSION................................................................................................................................ 6

# **TABLE OF AUTHORITIES**

PAGE(S)

Cases

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................ 4

*Centifanti v. Nix*,
   865 F.2d 1422 (3d Cir. 1989) ............................................................................................. 4

*City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*,
   908 F.3d 872 (3d Cir. 2018) ............................................................................................... 3

*Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*,
   482 F.3d 247 (3d Cir. 2007) ............................................................................................... 4

*Gooden v. Walton*,
   No. CV 21-0190, 2021 WL 12343597 (E.D. Pa. June 7, 2021) ......................................... 4

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir.1997) .............................................................................................. 3

*Johnston v. City of Philadelphia*,
   158 F.R.D. 352 (E.D.Pa.1994) ........................................................................................... 4

*Romero v. Allstate Ins. Co.*,
   No. CIV.A. 01-3894, 2010 WL 2996963 (E.D. Pa. July 28, 2010) .................................... 4

*Tucker v. Philadelphia Daily News*,
   577 Pa. 598 (2004) ............................................................................................................. 4

Statutes

42 Pa. CS § 8340.18 .............................................................................................................. 1, 6
Rules
Fed. R. Civ. P. 12(b)(6) .................................................................................................... passim
Pa.R.C.P. 1028(a)(3) ................................................................................................................. 4

**PRELIMINARY STATEMENT**

This is a prototypical "SLAPP" (Strategic Lawsuit Against Public Participation) action that involves a serial defamation complaint filed by a law firm with an exceedingly thin skin. Defendant Kris Estrada, a former client of Plaintiffs, posted critical reviews about Plaintiffs' legal services online and Plaintiffs sued him for defamation. Mr. Estrada moved to dismiss Plaintiffs' Amended Complaint because it did not identify any particular defamatory statement allegedly made by Mr. Estrada and because, even if the Court considered Mr. Estrada's online reviews (all of which Mr. Estrada attached to the Motion to Dismiss), those statements are either opinion or incapable of defamatory meaning and thus are not actionable.

Plaintiffs acknowledge that the Amendment Complaint is inadequate under federal pleading standards and should be dismissed. They seek leave to amend not to "add any new theories or claims," but to "revise the pleading" to add "the allegedly defamatory posts" that Mr. Estrada attached to the Motion to Dismiss. Given that all of those posts are already *sub judice*, and none of them could be read as defamatory, a second amended complaint simply to include the posts is unnecessary and futile. The parties agree that the statements are integral to the Amended Complaint and should be considered by the Court. Consequently, leave to file a second amended complaint should be denied and the Motion to Dismiss should be decided.

Alternatively, the Court can reject the cross-motion for leave and decide the Motion to Dismiss outright because Plaintiff failed to include a proposed second amended complaint.

For these reasons, as discussed more fully below, the Motion to Dismiss should be granted under Fed. R. Civ. P. 12(b)(6) and fees should be awarded under Pennsylvania's Uniform Protected Public Expression Act (the "Anti-SLAPP Law"), 42 Pa. CS § 8340.18.

**PERTINENT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs' original complaint, filed in the Philadelphia Court of Common Pleas on May 8, 2025, was removed to this Court on June 2, 2025. *See* Dkt. 6. Plaintiffs amended that complaint to remove a count for unjust enrichment on June 16, 2025, but they did not include in that amendment the allegedly defamatory statements they now seek to add. *See* Dkt. 10. Mr. Estrada moved to dismiss the Amended Complaint under F.R.C.P. 12(b) because the Amended Complaint omitted any particular defamatory statement by Mr. Estrada and because Mr. Estrada's online reviews of Plaintiffs' services, all of which are attached to the Motion to Dismiss on the basis that they are integral to the Amended Complaint, are either opinion or incapable of defamatory meaning and thus are not actionable. *See* Dkt. 12, Ex. A. The Motion to Dismiss also asserts that fees and costs should be awarded under the Anti-SLAPP Law. *Id*.

On July 16, 2025, Plaintiffs filed the instant Response to Defendant's Rule 12 Motion and Counter-Motion for Leave to File a Second Amended Complaint. *See* Dkt. 15. Therein, Plaintiffs expressly concede that the Amended Complaint is deficient under federal pleading standards, *see Id*. at p. 2, and seek leave to file a second amended complaint "not to assert new claims or theories," *id*. at ¶ 19, but to specifically reference the online reviews that Mr. Estrada attached to the Motion to Dismiss that Plaintiffs omitted from both their original complaint and their Amended Complaint. *Id*. at ¶ 23. Plaintiffs did not attach a proposed second amended complaint to their motion for leave.

2

**ARGUMENT**

**I.    A SECOND AMENDED COMPLAINT WOULD BE FUTILE BECAUSE MR. ESTRADA'S ONLINE REVIEWS, ALL OF WHICH ARE ALREADY BEFORE THE COURT, ARE NOT DEFAMATORY UNDER PENNSYLVANIA LAW**.

"'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir.1997) (internal citations and quotations omitted); *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872 (3d Cir. 2018) (affirming denial of leave to amend where proposed second amended complaint would not allege the "falsity" of allegedly fraudulent statements or scienter sufficiently under Rule 12(b)(6) and Rule 9).

Here, a second amended complaint would be futile because, as set forth in the Motion to Dismiss, which is expressly incorporated herein by reference, none of the statements in Mr. Estrada's online reviews of Plaintiffs' legal services are capable of defamatory meaning. *See* Dkt. 12. Given that Plaintiffs omitted any actual statements made by Mr. Estrada from the Amended Complaint, in order to avoid prolonging this baseless SLAPP suit, Mr. Estrada attached to the Motion to Dismiss all of his online reviews about Plaintiffs' legal services along with a chart that contains such statements; the chart explains how none of the statements in Mr. Estrada's reviews, all of which are substantially similar, are actionable defamation because they consist of facts that are undisputed and consist of opinions relating to the services Plaintiffs provided to Mr. Estrada. *Id* at p. 9-10 and Ex. A.

Given that Plaintiffs seek leave to amend the Amended Complaint "not to assert new claims or theories," but merely to add "the allegedly defamatory posts," which are already before the Court and incapable of defamatory meaning, Plaintiffs' Motion for Leave to File a Second Amended Complaint should be denied and Defendant's Motion to Dismiss should be granted.

3

## II. THE COUNTER-MOTION FOR LEAVE TO AMEND SHOULD BE DENIED BECAUSE PLAINTIFFS DID NOT ATTACH A PROPOSED SECOND AMENDED COMPLAINT TO THE MOTION.

Plaintiff's unfamiliarity with federal procedure[1] does not end with misunderstanding the requirements of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The settled rule is that properly requesting leave to amend a complaint requires submitting a draft amended complaint. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252–53 (3d Cir. 2007). See also, *Johnston v. City of Philadelphia,* 158 F.R.D. 352, 353 (E.D.Pa.1994); *Romero v. Allstate Ins. Co.*, No. CIV.A. 01-3894, 2010 WL 2996963, at *16 (E.D. Pa. July 28, 2010); and *Gooden v. Walton*, No. CV 21-0190, 2021 WL 12343597, at *1 (E.D. Pa. June 7, 2021).

In *Centifanti v. Nix*, 865 F.2d 1422 (3d Cir. 1989), the Third Circuit explained why the better practice to be followed in filing a motion to amend a complaint is to attach with the motion a copy of the proposed amendment:

> First, on general principles, courts should not be expected to wade through the pleadings to sort the wheat from the chaff and, essentially, do the work of the parties' counsel. Second, and more important, including a proposed amended complaint, rather than a list of recommended deletions, reduces the potential for confusion in having the court mark and proofread a party's changes. Third, the court may rule on the motion more effectively and quickly if it has before it a copy of the proposed amendment.

*Id.* at 1431.

---

[1] While Plaintiffs admits their Amended Complaint does not meet the *Twombly* standard, their claim that the case could have proceeded in the Court of Common Pleas without amendment is spurious. *See, e.g.*, *Tucker v. Philadelphia Daily News*, 577 Pa. 598, 633 (2004) (complaint was insufficiently specific to meet the pleading requirements of Pa.R.C.P. 1028(a)(3)).

Here, in addition to denying the motion for leave to amend due to futility, the Court may deny the motion for leave to amend because Plaintiffs failed to attach a proposed second amended complaint.

### III.   FOLLOWING DISMISSAL UNDER RULE 12(B)(6) FEES SHOULD BE AWARDED UNDER THE ANTI-SLAPP LAW.

Plaintiffs' haphazard prosecution of this action against a former client who left less than stellar reviews of Plaintiffs' services reflects that it is nothing more than a SLAPP suit. In fact, it is one in a series of defamation lawsuits Plaintiffs have filed against former clients who have posted critical online reviews like Mr. Estrada's. Plaintiffs have filed at least six other similar lawsuits in the Philadelphia Court of Common Pleas. *See Lento Law Group v. Feuerbon*, Case Id. No. 250201901 (Phila. Ct. Comm. Pls., Feb. 12, 2025); *Lento Law Group v.* Walker, Case Id. No. 250202270 (Phila. Ct. Comm. Pls., Feb. 17, 2025); *Lento Law Firm v. John Does 1-8*, Case Id. No. 231102406 (Phila. Ct. Comm. Pls., Nov. 12, 2024); *Lento Law Group v. Ibrahim*, Case Id. No. 240400659 (Phila. Ct. Comm. Pls., Apr. 4, 2024); *Lento Law Firm v. Pandey*, Case Id. No. 231100674 (Phila. Ct. Comm. Pls., Nov. 4, 2023); *Joseph D. Lento, Esq. v. Myers*, Case Id. No. 230900741 (Phila. Ct. Comm. Pls., Sept. 8, 2023). And they have at least three similar cases pending in New Jersey state court, one of which, *Lento Law Group v. Hendrickson*, (Docket No. MER 668-24), resulted in a dismissal under New Jersey's similar anti-SLAPP law and an award of $24,000 in legal fees and which is awaiting oral argument in the New Jersey Appellate Division (A-3541-23). The other New Jersey cases are *Lento Law Group v. Waddel* (BUR-l-2409-22) and *Lento Law Group v. Little* (BUR-L-908-24).

As set forth in the Motion to Dismiss, the Amended Complaint asserts precisely the type of meritless defamation claim the Anti-SLAPP Law is intended to deter. Accordingly, because the Amended Complaint targets speech that is protected under the Anti-SLAPP Law, online reviews

of legal services, and because the Amended Complaint fails to state a claim for defamation under Rule 12(b)(6), Mr. Estrada's online reviews of Plaintiffs' legal services should be granted immunity under Section 8340.15 of the Anti-SLAPP Law and fees should be awarded to Mr. Estrada under Section 8340.18 of the Anti-SLAPP Law.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs' Response to Defendant's Rule 12 Motion and Counter-Motion for Leave to File a Second Amended Complaint should be denied, the Motion to Dismiss should be granted under Rule 12(b)(6), and attorneys' fees and costs should be awarded under Pennsylvania's Uniform Public Expression Protection Act, 42 PA C.S. § 8340.18.

Dated: July 24, 2025

By: */s/ Seth A. Goldberg*
Seth A. Goldberg, Esq. (92478)
PASHMAN STEIN WALDER HAYDEN
A Professional Corporation
2005 Market Street, Suite 3150
Philadelphia, PA 19103
sgoldberg@pashmanstein.com
(267) 319-7762

Bruce S. Rosen, Esq. (*pro hac vice* forthcoming)
PASHMAN STEIN WALDER HAYDEN
A Professional Corporation
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601
(201) 488-8200

*Attorneys for Plaintiff Kris Emmanuel Estrada*

## **CERTIFICATE OF SERVICE**

    I, Seth Goldberg, hereby certify that on July 24, 2025, the above document was served on counsel for the Plaintiffs via ECF.

                                          */s/ Seth Goldberg*
                                          Seth Goldberg