IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LENTO LAW GROUP PC AND LENTO LAW FIRM,** | : : : | **CIVIL ACTION** |
| Plaintiffs, | : : | |
| v. | : : | **NO. 25-2763** |
| **KRIS EMMANUEL ESTRADA,** | : : : | |
| Defendant. | : | |

# ORDER

**AND NOW,** this 10th day of December, 2025, upon consideration of Defendant's Motion to Dismiss the Amended Complaint (ECF No. 12), and the responses thereto, it is hereby **ORDERED** that the Motion is **GRANTED in part**.[1] The Amended Complaint (ECF No. 11) is **DISMISSED.**

It is **FURTHER ORDERED** that Plaintiffs' Motion for Leave to File an Amended Complaint (ECF No. 15) is **GRANTED in part**. Plaintiffs shall file a Second Amended Complaint on or before **December 23, 2025**.[2]

Defendant may renew his request for attorneys' fees and costs pursuant to 42 Pa. C.S. § 8340.18 if Plaintiffs do not file a Second Amended Complaint in accordance with this Order, or if Defendant moves to dismiss the Second Amended Complaint.

BY THE COURT:

_____
Hon. Mia R. Perez

---

[1] Plaintiffs concede the Amended Complaint (ECF No. 11) fails to state a claim. ECF No. 15 at 1–2. Therefore, the Court dismisses the Amended Complaint.

[2] Rather than oppose the motion to dismiss, Plaintiffs styled their response as a counter-motion for leave to file a second amended complaint. ECF No. 15. The Court notes Plaintiffs failed to attach a draft copy of the proposed second amended complaint or otherwise specifically address the defects Defendant raised in his motion to dismiss. However, the Court declines to deny leave to amend on these grounds. Defendant attached copies of his online reviews referenced in the Amended Complaint and argues they cannot be defamatory because they are either statements of opinion or statements of fact that Plaintiffs do not dispute the truth of. The Court cannot agree that the statements of fact are undisputedly true because to reach that conclusion, the Court must make several assumptions it is not willing to make. Without identification of the alleged false statements or the meaning Plaintiffs ascribe to those statements, this Court cannot determine whether the statements are capable of defamatory meaning. *See Pace v. Baker-White*, 432 F. Supp. 3d 495, 510 (E.D. Pa. 2020); *Salaam v. Trump*, 777 F. Supp. 3d 414, 424 (E.D. Pa. 2025). The same is true of Plaintiffs' trade libel claim. *See Pro Golf Manuf., Inc. v. Tribune Rev. Newspaper Co.*, 809 A.2d 243, 246 (Pa. 2002) (listing elements of commercial disparagement or trade libel claim).

The Court will, however, deny Plaintiffs' motion for leave to amend their tortious interference with prospective business relations claim. Plaintiffs assert only that their amendment will include "copies of the allegedly defamatory posts and additional averments specifying which words or phrases within each post are defamatory." ECF No. 15 at 6. They do not argue they will cure the deficiencies Defendant identified with respect to their tortious interference claim—namely, that "there is no allegation in the Complaint of any specific prospective contractual relationship of Plaintiffs that Mr. Estrada knew about and intentionally interfered with." ECF No. 12-2 at 18. Plaintiffs concede their Amended Complaint is deficient and provide no factual basis for the Court to find amendment of this claim will not be futile.

Defendant's argument that the Court could deny Plaintiffs leave to amend for failure to attach a copy of the proposed amended pleading is well taken. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) ("[I]t is hardly error for a district court to enter final judgment after granting a Rule 12(b)(6) motion to dismiss when the plaintiff has not properly requested leave to amend its complaint."). Ignorance of the applicable rules and law is not an excuse for failing to comply with legal requirements, especially when a plaintiff is represented by counsel. *See United States v. Johnson*, 544 U.S. 295, 311 (2005) (refusing to accept "procedural ignorance as an excuse" for even a pro se litigant). While parties are expected to comply with the applicable procedural rules, the Court also recognizes the preference for resolving cases on the merits where feasible. *See Emerson v. Theil Coll.*, 296 F.3d 184, 191 (3d Cir. 2002). Therefore, the Court will allow Plaintiffs a final opportunity to cure the defects in their defamation and trade libel claims.

Before filing their Second Amended Complaint, and in all future filings, the Court strongly advises Plaintiffs to review the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Pennsylvania, this Court's Policies and Procedures, and this Circuit's relevant case law.