**IN THE SUPREME COURT OF PENNSYLVANIA**

OFFICE OF DISCIPLINARY COUNSEL,  :  No. 1940 Disciplinary Docket No. 3
           Petitioner           :
                              :  No. 5 DB 2013
          v.               :
                              :  Attorney Registration No.  208824
JOSEPH D. LENTO,          :
           Respondent    :  (Philadelphia)

## O R D E R

**PER CURIAM:**

**AND NOW**, this 17th day of July, 2013, upon consideration of the Recommendation of the Three-Member Panel of the Disciplinary Board dated April 23, 2013, the Joint Petition in Support of Discipline on Consent is hereby granted pursuant to Rule 215(g), Pa.R.D.E., and it is

ORDERED that Joseph D. Lento is suspended from the practice of law for a period of one year, followed by a period of probation for one year, subject to the following conditions:

1.    Respondent shall select a practice monitor subject to the approval of the Office of Disciplinary Counsel.

2.    The practice monitor shall do the following during the period of Respondent's probation:

    a.    Periodically examine Respondent's law office organization and procedures to ensure that he is maintaining an acceptable tickler system, filing system and other administrative aspects of his practice;

b.    Meet with Respondent at least monthly to examine his progress towards satisfactory and timely completion of clients' legal matters and regular client contact;

c.    Answer law office management questions, offer practical guidance as to how to ethically operate a law practice, ensure that Respondent does not improperly solicit potential clients and monitor his compliance with the Rules of Professional Conduct;

d. File quarterly written reports on a Board-approved form with the Secretary of the Board; and

e. Report to the Secretary any violations by Respondent of the terms and conditions of probation.

3.    Respondent shall comply with all the provisions of Rule 217, Pa.R.D.E.

A True Copy Patricia Nicola
As Of 7/17/2013

Attest: _____
Chief Clerk
Supreme Court of Pennsylvania

BEFORE THE DISCIPLINARY BOARD OF THE
SUPREME COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| OFFICE OF DISCIPLINARY COUNSEL | : | No. 5 DB 2013 |
| Petitioner | : | |
| | : | |
| v. | : | Attorney Registration No. 208824 |
| | : | |
| JOSEPH D. LENTO | : | |
| Respondent | : | (Philadelphia) |

RECOMMENDATION OF THREE-MEMBER PANEL
OF THE DISCIPLINARY BOARD OF THE
SUPREME COURT OF PENNSYLVANIA

The Three-Member Panel of the Disciplinary Board of the Supreme Court of Pennsylvania, consisting of Board Members David E. Schwager, Stephan K. Todd, Jane G. Penny, has reviewed the Joint Petition in Support of Discipline on Consent filed in the above-captioned matter on April 4, 2013.

The Panel approves the Joint Petition consenting to a one year suspension to be followed by one year probation, subject to the conditions set forth in the Joint Petition and recommends to the Supreme Court of Pennsylvania that the attached Petition be Granted.

The Panel further recommends that any necessary expenses incurred in the investigation and prosecution of this matter shall be paid by the respondent-attorney as a condition to the grant of the Petition.

David E. Schwager, Panel Chair
The Disciplinary Board of the
Supreme Court of Pennsylvania

Date: 4|23|2013

MTNkYj34Y2NjNjhoNmd6MowwLj6106962919          https://doc-14-RGf-docsviewer.googleusercontent.com/viewer/secure...

BEFORE THE DISCIPLINARY BOARD OF THE
SUPREME COURT OF PENNSYLVANIA

OFFICE OF DISCIPLINARY COUNSEL,  :
                       Petitioner  :
                            : No. 5 DB 2013
         v.              :
                            : Atty. Reg. No. 208824
JOSEPH D. LENTO,        :
                 Respondent  : (Philadelphia)

### JOINT PETITION IN SUPPORT OF DISCIPLINE ON CONSENT UNDER Pa.R.D.E. 215(d)

Petitioner, Office of Disciplinary Counsel ("ODC"), by Paul J. Killion, Chief Disciplinary Counsel, and Harriet R. Brumberg, Disciplinary Counsel, and Respondent, Joseph D. Lento, Esquire, by Respondent's counsel, Samuel C. Stretton, Esquire, file this Joint Petition In Support of Discipline on Consent Under Pennsylvania Rule of Disciplinary Enforcement (Pa.R.D.E.) 215(d), and respectfully represent that:

### I. BACKGROUND

1. Petitioner, whose principal office is located at Pennsylvania Judicial Center, Suite 2700, 601 Commonwealth Avenue, P.O. Box 62485, Harrisburg, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement (hereinafter "Pa.R.D.E."), with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law

**FILED**

APR 04 2013

Office of the Secretary
The Disciplinary Board of the
Supreme Court of Pennsylvania

MTNkYjE4YzNhNjMhNmEzYjQwLjE3OD 9.2919                    https://doc-04-r2-docsviewer.googleusercontent.com/viewer/secure...

in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of said Rules of Disciplinary Enforcement.

2.    Respondent, Joseph D. Lento, was admitted to the practice of law in Pennsylvania on October 23, 2008.

3.    Pursuant to Pa.R.D.E. 201(a)(1), Respondent is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

## II. FACTUAL ADMISSIONS AND VIOLATIONS OF RULES OF PROFESSIONAL CONDUCT

4.    Respondent specifically admits to the truth of the factual allegations and conclusions of law contained in paragraphs 1 through 23, infra.

### CHARGE

5.    At all relevant times, Respondent was a private practitioner with an attorney registration address of 121 South Broad Street, 2nd Floor, Philadelphia, PA 19107.

6.    By letter dated November 10, 2011, from Respondent to Dwayne Stevens, First Judicial District of Pennsylvania, Curran Fromhold Correctional Facility, Bail Unit, Respondent:

    a.    introduced himself as a Philadelphia lawyer who was continuing to take steps to expand

2

MTNkYjB4Y2NjNjljNmZkMjMwwLjb106962919    Case 2:25-cv-02763-MRP    Document 21-6    Filed 01/12/26    Page 6 of 23    3attps://doc-54RBFdocsviewer.googleusercontentAGom/view2t/secure...

MAR-26-2013 16:57 From:DISCIPLINARY COUNSEL 2155604528                    To:9161Ø6962919              Page:5/22

his law practice, "in particular, my *criminal defense practice*" (emphasis in original);

b.  explained that he was "reaching out" to Mr. Stevens in light of his work at Pretrial Services;

c.  stated that he would like to speak to Mr. Stevens "about the prospect of a *mutually beneficial* business relationship" (emphasis in original);

d.  added that what he had "in mind would take minimal effort on" Mr. Stevens' part, although his "service would be of value to [Respondent]";

e.  noted that he would prefer to speak in person about the particulars and suggested meeting Mr. Stevens for lunch; and

f.  concluded by giving Mr. Stevens Respondent's telephone number.

7.  On December 26, 2011, Respondent sent individual letters to the following eight Clerical Assistants assigned to the Bail, Pretrial Services Unit at the Criminal Justice Center: Karen Pequa; Styvens Georges; Shaneita Goode;

3

MAR-26-2013 16:57 From:DISCIPLINARY COUNSEL 2155604528          To:916106962919          Page:6/22

Brittany Kelly; Meredith Lowry; David Quartullo; Lillian Ramos; and Michelle Williams.

8.    In Respondent's letters to the Pretrial Services Unit employees, Respondent:

a.    introduced himself as a Philadelphia lawyer who was continuing to take steps to expand his law practice, "in particular, my criminal defense practice";

b.    explained that he was "reaching out" to the Pretrial Services Unit employee in light of his/her work at Pretrial Services;

c.    stated that he was proposing "a mutually beneficial business relationship";

d.    advised that he was "trying to find out who posts bail in Philadelphia so that [Respondent] can follow up on [Respondent's] end";

e.    noted that the information Respondent sought "may be public record although I do not know how to access the information";

f.    added that what Respondent had in mind would take minimal effort on the employee's part, but his/her "service would be of value to [Respondent] and [Respondent

4

MTNkYjI4Y2NjMjQ0NmMjNmU... https://doc-14-80-docsviewer.googleusercontent.com/viewer/secure...

MAR-26-2013 16:57 From:DISCIPLINARY COUNSEL 2155604528        To:916106962919        Page:7/22

could] follow up with [him/her] accordingly"; and

g. provided Respondent's telephone number for the Pretrial Services employee to call.

9. The Code of Conduct for the First Judicial District of Pennsylvania, § IV. A, B, C, E and F, prohibits employees from soliciting, accepting, or agreeing to accept anything of value from any person having an interest in a matter before the court by which they are employed.

10. In Respondent's letters to Mr. Stevens and the eight Pretrial Services Unit employees, Respondent:

a. attempted to induce court employees to engage in conduct in violation of their duty as public servants;

b. engaged in conduct involving deceit or misrepresentation; and

c. engaged in conduct that was prejudicial to the administration of justice.

11. During the week of January 2, 2012, Respondent went to the Information Counter on the second floor of the Criminal Justice Center in Philadelphia, during which time:

a. Respondent requested that court employee Brittany Baggio take a stack of Respondent's

3/30/2013 10:36 AM

MTNkYjB4Y2NjZjU3NmZkMDwwLj6106962919    Case 2:25-cv-02763-MRP    Document 21-6    Filed 01/12/26    Page 9 of 23    https://doc-94-8f-docsviewer.googleusercontent.com/viewer/secure...

MAR-26-2013 16:57 From:DISCIPLINARY COUNSEL 2155604528     To:916106962919     Page:8/22

business cards and keep them at the Information Counter;

b. Respondent asked Ms. Baggio to give Respondent's cards out to persons who needed a lawyer and tell the person her name;

c. Respondent offered to pay Ms. Baggio if anyone to whom she gave a card decided to hire Respondent as an attorney;

d. Respondent explained to Ms. Baggio that this arrangement would be "just between" her and Respondent;

e. Ms. Baggio stated that she would not give out her name to persons who needed a lawyer;

f. Respondent suggested that Ms. Baggio put her initials on the back of the cards so that Respondent would know that the referrals came from Ms. Baggio and she could get paid;

g. Respondent reiterated that this arrangement was "just between" her and Respondent;

h. Ms. Baggio refused to take Respondent's business cards; and

i. Respondent put his business cards on top of the Information Counter and left.

3/30/2013 10:36 AM

MTNkYj04Y2NjNmUtNmU4MjwWLJ6106962919 ... https://doc-14-b0-docsviewer.googleusercontent.com/viewer/secure...

MAR-26-2013 16:58 From:DISCIPLINARY COUNSEL 2155604528          To:916106962919          Page:9/22

12. During or as a consequence of Respondent's conversation with Ms. Baggio, Respondent:

  a.  attempted to share legal fees with a non-lawyer;

  b.  attempted to solicit professional employment through an intermediary who would be engaged in personal contact with a prospective client, when a significant motive for Respondent doing so was Respondent's pecuniary gain;

  c.  attempted to induce a court employee to engage in conduct in violation of her duty as a public servant;

  d.  engaged in conduct involving deceit or misrepresentation; and

  e.  engaged in conduct that was prejudicial to the administration of justice.

13. Prior to January 10, 2012, Respondent returned to the Information Counter on the second floor of the Criminal Justice Center in Philadelphia, during which time Respondent handed a stack of his business cards to court employee Jonathon.

14. By letter dated January 4, 2012, from Judge Herron to Respondent, Judge Herron:

7

MTNkYjF4Y28JD9JhiNm0&M8wwLjf106962919    Sampl//doc-04-RBHdossviewer.googleusercontenAC0m/viewer/secure...

MAR-26-2013 16:59 From:DISCIPLINARY COUNSEL 2155604528          To:916106962919       Page:10/22

a.   advised Respondent that he had become aware of Respondent's letter to Court employees soliciting client referrals on the basis "'... of a mutually beneficial business relationship'";

b.   explained that Respondent's communication "appears to be a clear welcome of an economic reward in exchange for a Court employee's referral of clients to you [Respondent] and your [Respondent's] law practice";

c.   requested an explanation from Respondent and the identity of all individuals to whom Respondent had made such an offer in writing; and

d.   suspended Respondent from the Court-appointed attorney list for the First Judicial District of Pennsylvania.

15.   Respondent received Judge Herron's letter on or after January 11, 2012.

16.   By his conduct as alleged in paragraphs 5 through 15 above, Respondent violated the following Rules of Professional Conduct:

8

3/30/2013 10:36 AM

a.   RPC 5.4(a), which states that a lawyer or law firm shall not share legal fees with a nonlawyer, except that:   (1) an agreement by a lawyer with the lawyer's firm, partner, or associate may provide for the payment of money,   over a reasonable period of time after the   lawyer's   death,   to   the lawyer's estate or to one   or   more specified   persons;   (2)   a   lawyer   who undertakes   to   complete   unfinished   legal business of a deceased lawyer may pay to the estate of the deceased lawyer that portion of   the   total   compensation   which   fairly represents   the   services   rendered   by   the deceased lawyer; (3) a lawyer or law firm may   include   nonlawyer   employees   in   a compensation or retirement plan, even though the plan is based in whole or in part on a profit-sharing arrangement; (4) a lawyer or law   firm   may   purchase   the   practice   of another lawyer or law firm from an estate or other eligible person or entity consistent with Rule 1.17; and (5) a lawyer may share court-awarded   legal   fees   with   a   nonprofit

9

organization that employed, retained or recommended employment of the lawyer in the matter;

b.   RPC 7.3(a), which states that a lawyer shall not solicit in-person or by intermediary professional employment from a prospective client with whom the lawyer has no family or prior professional relationship when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain, unless the person contacted is a lawyer or has a family, close personal, or prior professional relationship with the lawyer. The term "solicit" includes contact in-person, by telephone or by real-time electronic communication, but, subject to the requirements of Rule 7.1 and Rule 7.3(b), does not include written communications, which may include targeted, direct mail advertisements;

c.   RPC 8.4(a), which states that it is professional misconduct for a lawyer to violate or attempt to violate the Rules of Professional Conduct, knowingly assist or

10

3/30/2013 10:36 AM

MTNkYjE4YzVjNjUzNmZM16wwLj6106962919                    https://doc-14R3-docsviewer.googleusercontent.com/viewer/secure...

induce another to do so, or do so through the acts of another;

d.   RPC 8.4(c), which states that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation; and

e.   RPC 8.4(d), which states that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

## III. JOINT RECOMMENDATION FOR DISCIPLINE

17.   Petitioner and Respondent jointly recommend that the appropriate discipline for Respondent's admitted misconduct is a one-year suspension, to be followed by one year of probation with a practice monitor, subject to the conditions set forth in ¶¶ 22-23, infra.

18.   Respondent hereby consents to the discipline being imposed by the Supreme Court of Pennsylvania. Attached to this Petition is Respondent's executed Affidavit required by Pa.R.D.E. 215(d), stating that he consents to the recommended discipline and including the mandatory acknowledgements contained in Pa.R.D.E. 215(d)(1) through (4).

11

19. Petitioner and Respondent respectfully submit that there is the following aggravating factor:

      a. In October 2008, Respondent, who had been employed by the First Judicial District as a Juvenile Probation Officer since 2003, was terminated from his employment for failing to return to work.

20. Respondent and ODC respectfully submit that there are the following mitigating factors:

      a. By virtue of Respondent's signing this Discipline on Consent, Respondent has expressed recognition of his misconduct; and

      b. Respondent is a young, inexperienced lawyer who had been practicing law for three years at the time of his misconduct.

21. From mid-November 2011 to mid-January 2012, Respondent initiated two schemes to pay government employees to assist him in obtaining new clients. Cases where attorneys pay kickbacks to a government employee or attempt to have a government employee perform personal services for an attorney result in serious public discipline. See, e.g., *Office of Disciplinary Counsel v. Panarella*, No. 98 DB 2001, 69 Pa. D.&C.4th 199 (2004) (Panarella made monthly payments to a state senator who took actions that

12

benefitted Panerella's business and conspired with the state senator to conceal the disclosure of the payments; Panarella pleaded guilty to one count of accessory after the fact to an honest services wire fraud scheme and received a four-year suspension), *reinstatement granted after conviction vacated* (S.Ct. Order 2/6/2012); *Office of Disciplinary Counsel v. Valerie J. Glover*, No. 141 DB 1991 (S. Ct. Order 2/4/1992), *reinstatement denied* (S.Ct. Order 7/23/1999), *reinstatement granted* (S.Ct. Order 2/20/2002) (Glover repeatedly bribed two undercover INS officers to process her clients' cases more quickly and then increased her legal fees to cover the costs of the bribes; Glover was convicted of bribery and disbarred); and *Office of Disciplinary Counsel v. Ronald John Worobey*, No. 53 DB 1997, D.Bd. Rpt. 6/7/2001 (S.Ct. Order 8/2/2001) (in addition to misappropriating funds from various estates and individuals of whom he was the court-appointed guardian, Worobey conspired to inflate charges and kick back funds to an individual in matters in which the individual had received fiduciary appointments from the court; Worobey was convicted of theft-related charges and disbarred). *See also In the Matter of Michael David Ettinger*, 128 Ill.2d. 351, 371-372, 538 N.E.2d. 1152, 1161-1162 (1989) (a former Assistant State Attorney General, who had repeated

13

MAR-26-2013 16:55 From:DISCIPLINARY COUNSEL 2155604528          To:916106962919        Page:16/22

telephone conversations with a police officer about paying the police officer to persuade a complaining witness to drop charges, was acquitted of all criminal charges; Supreme Court of Illinois imposed a two-year suspension on Ettinger, finding that an attorney's involvement in a scheme for "the payment of money . . . to a police officer in order to influence his [the police officer's] conduct" was "an egregious act.").

While analogous, the facts of all the above cases are clearly distinguishable from the facts in Respondent's matter. Most importantly, unlike the foregoing cases, Respondent was neither arrested nor convicted of a crime. In addition, Respondent's conduct did not concern influencing a government employee to make an official decision that would impact the administration of justice. Rather, Respondent's conduct was an unsuccessful attempt to persuade government employees to undertake ministerial acts that could economically benefit Respondent. All told, Respondent's conduct, which spanned a total of two months, was limited in time, scope, and impact.

22. Respondent should receive a period of suspension that would be commensurate with his misconduct and would deter other attorneys from attempting to persuade government employees to undertake an attorney's personal

14

MAR-26-2013 16:59 From:DISCIPLINARY COUNSEL 2155604528     To:916106962919     Page:17/22

bidding.   Neither Respondent nor the public would benefit from requiring Respondent to undergo a reinstatement hearing.   Respondent, however, would benefit from a period of probation with a practice monitor when Respondent resumes the practice of law.

As conditions of Respondent's probation, Respondent would be required to meet in-person with the practice monitor on a monthly basis and maintain weekly telephone contact with the practice monitor.   The practice monitor would be available to: answer Respondent's law office management questions; offer practical guidance as to how to ethically operate a law practice; ensure that Respondent does not improperly solicit potential clients; and monitor Respondent's compliance with the Rules of Professional Conduct.   The practice monitor would also file quarterly progress reports with the Secretary of the Disciplinary Board and Office of Disciplinary Counsel and immediately report any violations of the conditions of Respondent's probation.

23.  Accordingly, Petitioner and Respondent jointly agree that Respondent should receive a one-year suspension, to be followed by one year of probation with a practice monitor, subject to the conditions that Respondent meet with the practice monitor in-person on a monthly basis,

15

3/30/2013 10:36 AM

MTNkYj...Nm...wwLj...06962919                https://doc-...viewer.googleusercontent.com/viewer/secure...

MAR-26-2013 17:00 From:DISCIPLINARY COUNSEL 2155604528          To:916106962919          Page:18/22

maintain weekly telephone contact with his practice monitor, and not violate any Rules of Professional Conduct during the one-year term of probation.

WHEREFORE, Petitioner and Respondent respectfully request that:

a. Pursuant to Pa.R.D.E. 215(e) and 215(g), the three-member panel of the Disciplinary Board review and approve the Joint Petition in Support of Discipline on Consent and file its recommendation with the Supreme Court of Pennsylvania recommending that the Supreme Court enter an Order that Respondent receive a one-year suspension, to be followed by one year of probation with a practice monitor, subject to the conditions that Respondent meet with the practice monitor in-person on a monthly basis, maintain weekly telephone contact with his practice monitor, and not violate any Rules of Professional Conduct during the one-year term of probation; and

b. Pursuant to Pa.R.D.E. 215(g) and 215(i), the three-member panel of the Disciplinary Board enter an Order that Respondent pay the necessary costs and expenses incurred in the investigation

16

3/30/2013 10:36 AM

MTNkYjB4X2NjZjUuUNmdkM1wwLJ6106962919                           SAMPLE//doc-54RBFdossviewer.googleusercontent.com/Viewer/secure...

and prosecution of this matter, the Board Secretary immediately file the recommendation of the panel and the Petition with the Supreme Court without regard to Respondent's payment of costs and expenses, and all costs and expenses be paid by Respondent within thirty of the date of the panel's approval of the Discipline on Consent unless Respondent and the Board Secretary enter into a plan, confirmed in writing, to pay the necessary costs and expenses at a later date.

Respectfully and jointly submitted,
OFFICE OF DISCIPLINARY COUNSEL

PAUL J. KILLION
CHIEF DISCIPLINARY COUNSEL

3/26/2013          By _____
Date                   Harriet R. Brumberg
                       Disciplinary Counsel

04/01/13           By _____
Date                   Joseph D. Lento, Esquire
                       Respondent

04/02/13           By _____
Date                   Samuel C. Stretton, Esquire
                       Counsel for Respondent

17

MTNkYjB4Y2NMN0h1Nm2kM3wwLj610962919                https://doc-14-bf-docsviewer.googleusercontent.com/viewer/secure...

MAR-26-2013 17:00 From:DISCIPLINARY COUNSEL 2155604528          To:916106962919          Page:20/22

BEFORE THE DISCIPLINARY BOARD OF THE
SUPREME COURT OF PENNSYLVANIA

OFFICE OF DISCIPLINARY COUNSEL, :
                  Petitioner :
                            :
                            : No. 5 DB 2013
                            :
         v.                 :
                            : Atty. Reg. No. 208824
JOSEPH D. LENTO,           :
            Respondent : (Philadelphia)

VERIFICATION

     The statements contained in the foregoing Joint
Petition In Support of Discipline on Consent Under Rule
215(d), Pa.R.D.E., are true and correct to the best of our
knowledge or information and belief and are made subject to
the penalties of 18 Pa.C.S. § 4904, relating to unsworn
falsification to authorities.

3/26/2013
_____
Date

                          Harriet R. Brumberg
                          Disciplinary Counsel

04/01/13
_____
Date

                          Joseph D. Lento, Esquire
                          Respondent

04/02/13
_____
Date

                          Samuel C. Stretton, Esquire
                          Counsel for Respondent

BEFORE THE DISCIPLINARY BOARD OF THE
SUPREME COURT OF PENNSYLVANIA

OFFICE OF DISCIPLINARY COUNSEL, :
       Petitioner :
            : No. 5 DB 2013
     v.     :
            : Atty. Reg. No. 208824
JOSEPH D. LENTO,   :
      Respondent : (Philadelphia)

<u>AFFIDAVIT UNDER RULE 215(d), Pa.R.D.E.</u>

Respondent, Joseph D. Lento, hereby states that he consents to the imposition of a one-year suspension, to be followed by one year of probation with a practice monitor, subject to the conditions outlined in ¶¶ 22-23 of the Joint Petition, and further states that:

1. His consent is freely and voluntarily rendered; he is not being subjected to coercion or duress; he is fully aware of the implications of submitting the consent; and he has consulted with counsel in connection with the decision to consent to discipline;

2. He is aware that there is presently pending a proceeding involving allegations that he has been guilty of misconduct as set forth in the Joint Petition;

3. He acknowledges that the material facts set forth in the Joint Petition are true; and

04/01/2013 06:41 6106352511 SAMUEL C. STRETTON Case 2:25-cv-02763-MRP Document 21-6 Filed 01/12/26 Page 23 of 23 PAGE 03/03

MAR-26-2013 17:00 From:DISCIPLINARY COUNSEL 2155604528 To:916106962919 Page:22/22

4. He knows that if the charges continued to be prosecuted in the pending proceeding, he could not successfully defend against them.

_____
Joseph D. Lento, Esquire
Respondent

Sworn to and subscribed

before me this ____1st____

day of __April__, 2013.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Victoria J. Clark, Notary Public
City of Philadelphia, Philadelphia County
My Commission Expires Nov. 4, 2015
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES