**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LENTO LAW GROUP PC AND LENTO LAW FIRM,<br><br>     *Plaintiffs*,<br><br>v.<br><br>KRIS EMMANUEL ESTRADA<br><br>     *Defendant*. | **Civil Action No. 25-2763** |

## <u>DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF ATTORNEYS' FEES AND COSTS UNDER 42 PA C.S. § 8340.18</u>

PASHMAN STEIN WALDER HAYDEN PC
Seth A. Goldberg, Esq. (92478)
2005 Market Street, Suite 3150
Philadelphia, PA 19103
sgoldberg@pashmanstein.com
(267) 319-7762

*Attorneys for Defendant Kris Emmanuel Estrada*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT....................................................................................................1

PERTINENT FACTUAL AND PROCEDURAL BACKGROUND...............................................2

1.   Plaintiffs' Three Complaints and Mr. Estrada's Motions to Dismiss....................................2

2.   PA UPEPA Fee-Shifting and the Court's Precedential Opinion Dismissing the SAC ..........4

3.   The Attorneys' Fees and Expenses Incurred by Mr. Estrada .................................................6

LEGAL ARGUMENT ....................................................................................................................8

    I.    Legal Standard ...............................................................................................................8

    II.   PSWH'S HOURLY RATES ARE REASONABLE .......................................................9

    III.  THE NUMBER OF HOURS INCURRED BY PSWH IS REASONABLE...............10

        1. PSWH Expended Reasonable Hours Given Plaintiffs' Missteps and
           the Newness of PA UPEPA.....................................................................................11

        2. The Requested Fees Are Commensurate with the Quality of Legal
           Work Rendered.. ……………………………………………………………...14

        3. The Results Achieved Warrant a Full Fee Award..………………………………15

        4. The Complexity and Uniqueness of the Legal Issues Involved Weigh in
           Favor of Granting Mr. Estrada's Fees and Expenses in Full ..……………………..15

        5. PSWH's Contingency Arrangement Warrants Awarding the Full Amount of Fees ..16

CONCLUSION..............................................................................................................................16

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barker v. Hostetter*,
  No. 13-5081, 2017 WL 3215415 (E.D. Pa. July 28, 2017)...................................................... 16

*Birth Ctr. v. St. Paul Companies, Inc.*,
  727 A.2d 1144 (Pa. Super. Ct. 1999) ............................................................................... 10, 16

*Bistrian v. Levi*,
  No. 08-3010, 2024 WL 4980783 (E.D. Pa. Dec. 3, 2024)...................................................... 15

*Borrell v. Bloomsburg University*,
  207 F. Supp.3d 454 (M.D. Pa. 2016) ...................................................................................11

*Callahan v. Commonwealth Land Title Ins. Co.*,
  Nos. 88-7656, 88-8319, 1990 WL 168273 (E.D. Pa. Oct. 29, 1990)........................................ 15

*Clemens v. New York Central Mutual Fire Ins. Co.*,
  903 F.3d 396 (3d Cir. 2018) .................................................................................................. 8

*Earley v. JMK Assocs.*,
  No. 18-760, 2020 WL 1875535 (E.D. Pa. Apr. 15, 2020)......................................................11

*Frazier v. SEPTA*,
  1993 WL 38401 (E.D. Pa. Feb. 11, 1993)............................................................................. 13

*Grammenos v. Allstate Ins. Co.*,
  No. 07-2725, 2009 WL 2448556 (E.D. Pa. Aug. 7, 2009)........................................................ 9

*Griffin v. Strauss*,
  No. 2:22-cv-06183, 2024 WL 647650 (C.D. Cal. Jan. 3, 2024) ............................................. 10

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983).......................................................................................................... 10, 15

*In re Gas Meters Antitrust Litig.*,
  500 F.Supp. 956 (E.D. Pa. 1980) ........................................................................................ 14

*Joan P.B. v. Khepera Charter School*,
  420 F.Supp.3d 347 (E.D. Pa. 2019) ..................................................................................... 10

*Jones v. Muir*,
  515 A.2d 855 (Pa. 1986) ...................................................................................................... 14

*Lease v. Fishel*,
    712 F. Supp.2d 359 (M.D. Pa. 2010) .......................................................................11

*LeJeune v. Khepera Charter School*,
    420 F.Supp.3d 331 (E.D. Pa. 2019) ...................................................................... 12

*LHF Productions, Inc. v. Kabala*,
    No. 2:16-cv-02028, 2019 WL 7403960 (D. Nev. Dec. 31, 2019)........................... 10

*Maldonado v. Houstoun*,
    256 F.3d 181 (3d Cir. 2001) ............................................................................... 8, 9

*McCready v. Re/Max Achievers*,
    No. 24-2226, 2026 WL 1847251 (E.D. Pa. June 25, 2026) ...................................... 9

*Mishoe v. Erie Ins. Co.*,
    824 A.2d 1153 (2003) .......................................................................................... 10

*Moskow v. Wheeler*,
    No. 24-cv-10474, 2025 WL 2419570 (D. Mass. July 24, 2025).............................. 10

*Neal v. Bavarian Motors, Inc.*,
    882 A.2d 1022 (Pa. Super. 2005) .........................................................................11

*Norristown On-Site, Inc. v. Regional Industries, L.L.C.*,
    No. 19-369, 2021 WL 5711824 (E.D. Pa. Dec. 2, 2021) ......................................... 8

*Paucek v. Shaulis*,
349 F.R.D. 498 (D.N.J. 2025) ................................................................................. 5

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*,
    478 U.S. 546 (1986)............................................................................................... 9

*Pittsburgh League of Young Voters Educ. Fund v. Port Authority of Allegheny County*,
    No. 02:06-cv-1064, 2012 WL 604156 (W.D. Pa. Feb. 24, 2012) ...........................11

*Polselli v. Nationwide Mut. Fire Ins. Co.*,
    126 F.3d 524 (3d Cir. 1997)................................................................................. 16

*Project Veritas v. Leland Stanford Junior Univ.*,
    2022 WL 155047 (W.D. Wash. May 17, 2022)........................................................ 5

*Richards v. Ameriprise Fin., Inc.*,
    217 A.3d 854 (Pa. 2019) ..................................................................................... 10

ii

*Security and Data Technologies, Inc. v. School Dist. Of Phila.*,
    No. 12-2393, 2016 WL 7427758 (E.D. Pa. Dec. 20, 2016).......................................................11

*Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*,
    559 U.S 393 (2010)............................................................................................................... 5

*Sheffer v. Experian Information Solutions, Inc.*,
    290 F.Supp.2d 538 (E.D. Pa. 2003) .......................................................................................11

*Teamsters Pension Trust Fund of Phila. and Vicinity v. Lumbcach Co.*,
    No. 25-2927, 2026 WL 900512 (E.D. Pa. March 30, 2026)................................................. 9, 10

**Statutes**

42 Pa. C.S. § 8340.12.............................................................................................................. 1
42 Pa. C.S. §§ 8340.15............................................................................................................. 1
42 PA C.S. § 8340.18 ......................................................................................................... 1, 6, 8

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................. passim
Pa. R. Civ. P. 1028.................................................................................................................. 5
Pa. R. Civ. P. 1717.......................................................................................................... 8, 11, 16

Pursuant to the Order dated June 21, 2026 (the "Dismissal"), granting Defendant Kris Estrada's Motion to Dismiss the Second Amended Complaint with prejudice and ordering Mr. Estrada to "file documentation in support of his request for reasonable attorneys' fees, costs, and litigation expenses, as well as supplemental briefing regarding the amount of fees to which he is entitled," *see* ECF No. 27, Mr. Estrada submits this supplemental brief in support of his request for an award of fees and costs under 42 PA C.S. § 8340.18 and the Dismissal, and states as follows.

## PRELIMINARY STATEMENT

Pennsylvania's Uniform Public Expression Protection Act ("PA UPEPA" or "Anti-SLAPP Law"), 42 Pa. C.S. §§ 8340.15, "grants immunity to parties exercising their rights to protected public expression and awards attorney fees to parties forced to defend against meritless claims arising from that protected public expression." *See* ECF No. 20 at 22; 42 Pa. C.S. § 8340.12. This action attempting to punish Mr. Estrada for his online criticism of Plaintiffs' legal services is precisely why the Pennsylvania legislature passed the Anti-SLAPP law. Mr. Estrada was forced to retain counsel at Pashman Stein Walder Hayden PC ("PSWH") and incur fees and costs responding to three separate complaints asserting defamation and trade libel notwithstanding that his "online reviews about Plaintiffs' legal services are either admittedly true, statements of opinion, or otherwise not capable of the defamatory meaning Lento Law ascribes to them." ECF No. 20 at 2. The newness of PA UPEPA, which took effect on July 17, 2024, increased the complexity of Mr. Estrada's defense, as only a few decisions in Pennsylvania federal and state courts discuss PA UPEPA, none of which addresses the applicability of the Anti-SLAPP law's fee-shifting provision where a defamation claim is dismissed under Fed. R. Civ. P. 12(b)(6). Procedural and pleading gaffes by Plaintiffs further complicated Mr. Estrada's defense. Nevertheless, PSWH, which represented Mr. Estrada on a contingency fee basis, charges hourly rates that accord with

1

prevailing Philadelphia market rates for similar size firms in similar litigation and that accord with hourly rates this Court and others in this District have endorsed as reasonable. Likewise, the number of hours PSWH billed was reasonable, especially given the complexity of the issues presented by the application of PA UPEPA and Plaintiffs' pleading missteps.

Accordingly, for these reasons, as discussed more fully below, Mr. Estrada should be granted the full amount of the attorneys' fees and expenses, totaling $107,748.50 and $405.00, respectively, he incurred defending against Plaintiffs' meritless defamation lawsuit, inclusive of the fees and costs Mr. Estrada incurred filing this supplemental brief.

<u>**PERTINENT FACTUAL AND PROCEDURAL BACKGROUND**</u>

### 1. *Plaintiffs' Three Complaints and Mr. Estrada's Motions to Dismiss*

Plaintiffs filed their original Complaint in this action on May 9, 2025, in the Philadelphia Court of Common Pleas, asserting claims against Mr. Estrada for defamation, trade libel, tortious interference, and unjust enrichment. Mr. Estrada removed the original Complaint to this Court based on diversity jurisdiction on May 30, 2025.  *See* ECF No. 2 (Notice of Removal). The parties met and conferred at the Court's direction, and Plaintiffs withdrew their original Complaint on June 12, 2025. *See* ECF No. 9 (stipulation to withdraw unjust enrichment claim and file amended complaint).

Plaintiffs filed an Amended Complaint on June 16, 2025. *See* ECF No. 11. The Amended Complaint asserted claims for defamation, trade libel, and tortious interference. As with the original Complaint, the Amended Complaint did not contain any of the alleged defamatory statements made by Mr. Estrada, and the allegations in the Amended Complaint describing those statements made clear that Plaintiffs' claim for defamation was frivolous. *Id*. at 2-3. Accordingly,

on June 23, 2025, Mr. Estrada filed a motion to dismiss under Rule 12(b)(6). *See* ECF No. 12. In that Motion, Mr. Estrada also sought fees and costs under PA UPEPA.

Rather than respond to Mr. Estrada's motion to dismiss the Amended Complaint, Plaintiffs conceded the Amended Complaint failed to state a claim under Rule 12(b)(6) because it failed to set forth any of the alleged defamatory statements; they requested leave to file another amended complaint accordingly. *See* ECF No. 15 ¶ 12.  As Plaintiffs stated in seeking leave to file a second amended complaint, only after Mr. Estrada incurred the cost of moving to dismiss the Amended Complaint, "[o]n July 14, 2025, Plaintiffs' counsel, for the first time, had an opportunity to study the Rule 12 Motion. During that analysis, Plaintiffs' counsel first recognized that the Amended Complaint might not pass the *Twombly* test." Plaintiffs represented that their second amended complaint would "not add any new theories or claims against the Defendant." *See* ECF No. 15 at 7.

In an Order dated December 10, 2025, the Court granted Mr. Estrada's motion to dismiss the Amended Complaint and Plaintiffs' request to file a second amended complaint. *See* ECF No. 17. In that Order, the Court noted Plaintiffs' failure to include any of the alleged defamatory statements in their Amended Complaint, their concession that the Amended Complaint would not survive Rule 12(b)(6), and their "[i]gnorance of the applicable rules and law," "strongly advis[ing]" Plaintiffs to review the applicable rules and law "[b]efore filing their Second Amended Complaint, and in all future filings" *Id*. at n.2. The Court denied Plaintiffs leave to amend their tortious interference claim. *Id*. The Court also stated that Mr. Estrada could renew his request for attorneys' fees and expenses under PA UPEPA were Plaintiffs to file a second amended complaint. *Id*.

3

Plaintiffs filed their Second Amended Complaint ("SAC") on December 11, 2025. As the Court noted in its Memorandum Opinion dated July 21, 2026, dismissing the SAC, "[d]espite the Court's ruling and Lento Law's assurances, Lento Law filed the SAC, asserting not only claims addressed in the motion for leave to amend, but also entirely new ones: tortious interference with contract (Count I); defamation (Count II); trade libel/commercial disparagement (Count III); breach of contract (Count IV); unjust enrichment (Count V); and declaratory relief (Count VI)." ECF No. 26 at 11. Mr. Estrada incurred the expense of a second Rule 12(b)(6) motion, moving to dismiss the SAC on January 12, 2026, and renewing his request for attorneys' fees and costs under PA UPEPA.

In an Order dated July 21, 2026, the Court granted Mr. Estrada's motion to dismiss the SAC, dismissed Plaintiffs' claims with prejudice, and directed Mr. Estrada to "file documentation in support of his request for reasonable attorneys' fees, costs, and litigation expenses, as well as supplemental briefing regarding the amount of fees to which he is entitled." *See* ECF Nos. 26 and 27.

### 2. *PA UPEPA Fee-Shifting and the Court's Precedential Opinion Dismissing the SAC*

Plaintiffs' defamation and trade libel claims against Mr. Estrada raised an issue that had not previously been decided by a federal court in Pennsylvania; namely, the application of PA UPEPA's fee-shifting provision where a plaintiff fails to state a claim under Rule 12(b)(6).

As the Court explained in the Opinion, PA UPEPA, which took effect on July 17, 2024, provides for (i) immunity from defamation claims based on protected public expression where the defendant fails to state a cause of action upon which relief can be granted and (ii) fee-shifting in such cases. ECF No. 20 at 23. The Court noted that even though the "special motion" provisions of PA UPEPA that provide a procedural mechanism to assert immunity thereunder are not yet

4

effective, such immunity may be asserted because PA UPEPA "invokes the motion to dismiss standard applicable both in federal court, Fed. R. Civ. P. 12(b)(6), and in Pennsylvania courts, Pa. R. Civ. P. 1028." *Id*. at 24.

Having made that determination, the Opinion discusses at length the application of PA UPEPA's fee-shifting provision in federal court under the *Erie* doctrine, reviewing cases decided in this Circuit and others that addressed or touched on the question. *Id*. at 26 ("The Third Circuit has not yet ruled on the applicability of Pennsylvania's Anti-SLAPP Law in federal court, but several federal district court cases have touched on the issue… And one district court in this Circuit has addressed the applicability of New Jersey's materially similar anti-SLAPP law in federal court.") (citations omitted). Significantly, in distinguishing various cases, the Court explained that this action was the first in a Pennsylvania District Court to address whether PA UPEPA's fee-shifting provision applies where a claim is dismissed under Rule 12(b)(6). *Id*. at 26-30.

In holding that PA UPEPA's fee-shifting provision does not conflict with the Federal Rules of Civil Procedure the Court explained:

> This Court finds the reasoning by *Paucek v. Shaulis* more persuasive. *Paucek* applied New Jersey's Anti-SLAPP fee-shifting provision on a Rule 12(b)(6) motion to dismiss. 349 F.R.D. 498, 514 (D.N.J. 2025). New Jersey's statute allows for recovery of fees if the complaint is dismissed before trial under any one of three standards: the plaintiff fails to establish a prima facie case (plaintiff's burden at trial); the plaintiff fails to state a claim (Rule 12(b)(6) standard); or the defendant shows there is no dispute of material fact and he is entitled to judgment as a matter of law (Rule 56 standard). *Id.* at 514. *Paucek* found that some provisions of New Jersey's Anti-SLAPP law conflicted with federal procedural law, including the provision permitting pretrial dismissal when a plaintiff fails to establish a prima facie case. *Id.* The court nevertheless found the conflicting provisions severable and determined that the mandatory fee-shifting provision applies for defendants who secure dismissal under Rule 12 or Rule 56. *Id.* at 516; *see also Project Veritas v. Leland Stanford Junior Univ.*, 2022 WL 155047, at *3 (W.D. Wash. May 17, 2022) (holding that as long as defendants rely on Rule 12 standard for dismissal, fee-shifting provision of similar anti-SLAPP statute can apply in federal court). In sum, this Court finds that Pennsylvania's Anti-SLAPP Law does not "answer the same question" differently than Federal Rules 12 or 56. *See Shady Grove*, 559 U.S. at

5

398–99. By contrast, it answers a completely different question: what is the significance of prevailing under Rule 12 or 56 or at trial when a party was sued based on their protected expression? The Anti-SLAPP Law also imposes no heightened or different burden on the plaintiff before trial. Accordingly, there is no conflict.

*Id*. at 30-31.

The Court then explained why PA UPEPA's fee-shifting provision is substantive under *Erie* because it is tied to the outcome of the litigation, *i.e.*, dismissal for failure to state a claim, and would discourage defamation plaintiffs from forum shopping to federal court to avoid fee-shifting under PA UPEPA. *Id*. at 31-32. Accordingly, the Court held, "a party in federal court who prevails on a motion to dismiss under Rule 12(b)(6) is entitled to attorney's fees, court costs, and expenses of litigation under 42 Pa. C.S. § 8340.18(a)(1)." *Id*. at 30.

Lastly, having determined the applicability of PA UPEPA fee-shifting to a dismissal under Rule 12(b)(6), the Court noted that Plaintiffs conceded that Mr. Estrada's criticism of their legal services was protected public expression. *Id*. at 33.

### 3. The Attorneys' Fees and Expenses Incurred by Mr. Estrada

Mr. Estrada retained PSWH to represent him in this action; Seth Goldberg, a PSWH partner, leads the firm's representation of Mr. Estrada with the assistance of PSWH partner Bruce Rosen and various associates as needed. *See* Declaration of Seth Goldberg, Esq. ("Goldberg Dec."), attached as Exhibit A, at ¶ 10. Mr. Goldberg is a Chambers-ranked attorney who has litigated cases in state and federal courts nationwide for more than 25 years; he was a partner at Duane Morris LLP and an associate at Boies Schiller & Flexner LLP before joining PSWH in 2025 to lead the firm's Philadelphia office. *See* Goldberg Dec. at ¶¶ 1-3; Ex. A to Goldberg Dec. (Goldberg Firm Biography). Mr. Rosen has more than 35 years of experience and has been specifically honored for his experience and expertise in First Amendment litigation, including

6

being named the *Best Lawyers* Newark's "Lawyer of the Year" in First Amendment Law for 2013, 2015, 2016, 2017, 2018, and 2020. *See* Goldberg Dec. at ¶ 10; Ex. C to Goldberg Dec. (Rosen Firm Biography).

PSWH agreed to represent Mr. Estrada on a contingency basis, provided that he pay a $10,000 retainer that would be collected by the firm were PSWH unable to obtain dismissal under Rule 12(b)(6) or Rule 56 and fee-shifting under PA UPEPA, but only after an appeal of such denial. *See id.* at 5. In other words, the firm bore the risk of significant losses, including fees and expenses of multiple rounds of briefing in trial and appellate court and discovery. However, were PSWH to prevail and obtain fee-shifting, the retainer amount would be returned to Mr. Estrada. *Id.* at ¶ 6.

PSWH attorneys billed 99.6 hours from the inception of their engagement in this action through the Court's Opinion and Order dated July 21, 2026, dismissing the SAC. A chart setting forth the hours and rates (2025 and 2026) of each timekeeper for that work follows:

| Attorney | Title | 2025/26 Hourly Rates | Hours Billed | Total Fees |
| --- | --- | --- | --- | --- |
| Seth Goldberg | Partner | $875/$930 | 67.2 | $60,708.50 |
| Bruce Rosen | Partner | $900/$935 | 13.7 | $12,445.00 |
| Zach Levy[1] | Counsel | $545 | 7.6 | $4,142.00 |
| Jooeun Kim[2] | Associate | $495 | 3.1 | $1,534.50 |
| Chelsea Nkrumah | Associate | $495 | 8.0 | $3,960.00 |

*See* Ex. A, Goldberg Dec., at ¶¶ 7-14; Ex. B (supporting billing records).

---

[1] Mr. Levy worked on this matter in 2025.
[2] Ms. Kim and Ms. Nkrumah worked on this matter in 2026.

In addition, Seth Goldberg and Matthew Decker, a PSWH associate, billed 9.0 and 28.60 hours, respectively, in preparing the instant supplemental brief, at their 2026 respective rates of $930 and $580, totaling $24,958.00 in fees for this supplemental brief. *Id*. at ¶¶ 23-24.

Accordingly, Mr. Estrada seeks an award in the amount of $108,153.50 for fees totaling $107,748.50 and expenses totaling $405.

## **LEGAL ARGUMENT**

The Court ordered fee-shifting under 42 Pa.C.S. § 8340.18 and directed Mr. Estrada to submit the instant supplemental brief setting forth the fees and expenses he has incurred. As set forth below, the Court should award fees and expenses totaling $107,748.50 and $405.00, respectively, because they are reasonable under Pennsylvania law.

### I.    **Legal Standard**

Federal courts awarding attorneys' fees and costs pursuant to Pennsylvania statutory fee-shifting provisions are generally guided by Pa. R. Civ. P. 1717. *See, e.g., Clemens v. New York Central Mutual Fire Ins. Co.*, 903 F.3d 396, 399 (3d Cir. 2018). Rule 1717 articulates specific factors the Court must examine in determining the reasonableness for fees: (1) the time and effort reasonably expended by the attorney in the litigation; (2) the quality of the services rendered; (3) the results achieved and the benefits conferred upon the class or public; (4) the magnitude, complexity, and uniqueness of the litigation; and (5) whether receipt of a fee was contingent upon success. *See*, *e.g., Norristown On-Site, Inc. v. Regional Industries, L.L.C.*, No. 19-369, 2021 WL 5711824, at *9 (E.D. Pa. Dec. 2, 2021). Before reaching those factors, however, the Rule 1717 analysis "begins with the lodestar method: the multiplication of the actual number of hours spent in pursuing the claim by a reasonable rate." *Id*. "When the applicant for a fee has carried its burden of showing that the claimed rates and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled." *Maldonado v. Houstoun*, 256 F.3d

8

181, 184 (3d Cir. 2001) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986)).

## II.     PSWH'S HOURLY RATES ARE REASONABLE

The hourly rates of PSWH attorneys are reasonable, as they are commensurate with prevailing market hourly rates and hourly rates approved by Courts in this District. For example, Wolters Kluwer reported in its 2025 Real Rate Report that the mean billing rate for a commercial litigation partner nationwide is $812 per hour. *See* Real Rate Report, attached as Exhibit B, at 39. When that analysis is focused on the Philadelphia market specifically, the mean rate for a litigation partner at firms of 51-200 lawyers increases to $884 per hour. *Id.* at 217. Similarly, the mean hourly rate for an associate in a firm of 51-200 attorneys in the Philadelphia market is $589. *Id*.

Since the inception of this action in April 2025, PSWH has been a law firm of approximately 90 lawyers. *See* Ex. A, Goldberg Dec., at ¶ 2. For the PSWH attorneys representing Mr. Estrada, the mean hourly partner rates in 2025 and 2026 were $887.50 and $932.50; the hourly rate for the counsel-level attorney involved in 2025 was $545, and the mean hourly associate rate in 2026 was $537.50. Thus, PSWH's rates in this case accord with prevailing market rates. *See Grammenos v. Allstate Ins. Co.*, No. 07-2725, 2009 WL 2448556, at *2 (E.D. Pa. Aug. 7, 2009) ("With respect to determining a reasonable hourly rate, the general rule is that a reasonable hourly rate is calculated according to the prevailing market rates in the community.").

PSWH's rates are also consistent with rates recently approved by both this Court, other courts sitting in this District, and other courts awarding fees under analogous anti-SLAPP statutes. *See, e.g., Teamsters Pension Trust Fund of Phila. and Vicinity v. Lumbcach Co.*, No. 25-2927, 2026 WL 900512, at *5 (E.D. Pa. March 30, 2026) (Perez, J.) (holding that hourly rates of $735 to $850 for attorneys with more than 25 years of experience were reasonable); *McCready v. Re/Max Achievers*, No. 24-2226, 2026 WL 1847251, at *8 (E.D. Pa. June 25, 2026) (deeming

9

partner hourly rates between $772.76 and $1,285.35 and associate rates between $470.82 and $628.10 in a pro bono matter reasonable); *Griffin v. Strauss*, No. 2:22-cv-06183, 2024 WL 647650, at *8 (C.D. Cal. Jan. 3, 2024) (awarding a total of $42,125.75 in attorneys' fees for an only partially-successful anti-SLAPP motion based on hourly rates of up to $1,100); *LHF Productions, Inc. v. Kabala*, No. 2:16-cv-02028, 2019 WL 7403960, at *8-9 (D. Nev. Dec. 31, 2019) (awarding attorneys' fees of $47,154 under fee-shifting provision of Nevada anti-SLAPP law based on hourly rates in line with prevailing market rates in that district); *Moskow v. Wheeler*, No. 24-cv-10474, 2025 WL 2419570, at *4-5 (D. Mass. July 24, 2025) (awarding attorneys' fees under Massachusetts anti-SLAPP statute, deeming hourly rates between $890 and $930 reasonable).

PSWH's hourly rates in this action are reasonable and should be deemed so by the Court for its lodestar calculation.

## III.    THE NUMBER OF HOURS INCURRED BY PSWH IS REASONABLE

The Pennsylvania Supreme Court has held that it expects trial courts "assessing the reasonableness of attorney fees" to "evaluate the reasonableness of the expenditure of time for the services listed in the fee petition." *Richards v. Ameriprise Fin., Inc.,* 217 A.3d 854, 872 (Pa. 2019). Moreover, "hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary." *Id*. (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). In performing this analysis, "[b]oth the number of hours and the rate per hour shall be calculated on a basis reasonably reflective of the relevant market and the magnitude, complexity and uniqueness of the claim and the related task. *Birth Ctr. v. St. Paul Companies, Inc.,* 727 A.2d 1144, 1161 (Pa. Super. Ct. 1999), *aff'd*, 787 A.2d 376 (2001), and *disapproved of on other grounds by Mishoe v. Erie Ins. Co.*, 824 A.2d 1153 (2003). Thus, the Court must consider the "novelty and complexity" of the issues presented in analyzing the number of hours expended. *Joan P.B. v. Khepera Charter School*, 420 F.Supp.3d 347, 355 (E.D. Pa. 2019); *see also Teamsters Pension Trust Fund of Phila. and Vicinity,*

10

2026 WL 900512, at *5 (noting that, in assessing what constitutes an hourly reasonable rate, the court "must also consider the complexity of the legal theories argued, the extent of litigation, the use of good faith, and the extent of [the client's] success."); *Neal v. Bavarian Motors, Inc.*, 882 A.2d 1022, 1030 (Pa. Super. 2005). As set forth below, under these standards and the remaining Rule 1717 factors, PSWH's hours are reasonable.

### 1. PSWH Expended Reasonable Hours Given Plaintiffs' Missteps and the Newness of PA UPEPA

PSWH billed 20.8 hours and 26.8 hours, respectively, in researching, drafting, and filing Mr. Estrada's Motion to Dismiss the Amended Complaint and Motion to Dismiss the SAC. *See* Ex. B to Goldberg Dec. (billing records). Those hours are well within the scope of hours deemed reasonable by both this Court, and other federal courts in Pennsylvania, and thus should be deemed reasonable here. *See, e.g., Sheffer v. Experian Information Solutions, Inc.*, 290 F.Supp.2d 538, 546 (E.D. Pa. 2003) (finding 37.8 hours spent by two attorneys at the motion to dismiss stage reasonable "in light of the nature and complexity of the arguments raised" in the motion); *Earley v. JMK Assocs.*, No. 18-760, 2020 WL 1875535, at *4 (E.D. Pa. Apr. 15, 2020) (finding 30.2 hours spent on research and drafting at motion to dismiss stage was reasonable); *Borrell v. Bloomsburg University*, 207 F. Supp.3d 454, 514-15 (M.D. Pa. 2016) (holding 42.75 hours spent at motion to dismiss stage where no novel issues were in play was reasonable); *Security and Data Technologies, Inc. v. School Dist. Of Phila.*, No. 12-2393, 2016 WL 7427758, at *6 (E.D. Pa. Dec. 20, 2016) (finding 18 hours spent on simple motion to dismiss which "only raised four issues" and presented no novel issues reasonable); *Lease v. Fishel*, 712 F. Supp.2d 359, 384 (M.D. Pa. 2010) (finding 35 hours a "reasonable quantity of time" spent in connection with motion to dismiss); *Pittsburgh League of Young Voters Educ. Fund v. Port Authority of Allegheny County*, No. 02:06-cv-1064, 2012 WL 604156, at *7 (W.D. Pa. Feb. 24, 2012) (holding 49.85 hours spent at motion to dismiss

11

stage reasonable because "legal issues presented in the motions . . . were complicated[.]"); *LeJeune v. Khepera Charter School*, 420 F.Supp.3d 331, 341-42 (E.D. Pa. 2019) (holding that a combined 50.6 hours spent by two attorneys on a fee petition was reasonable).

The fact that PA UPEPA became effective in mid-2024 increased the complexity of Mr. Estrada's defense. In addition to spending time researching cases involving claims for defamation, trade libel, and tortious interference, PSWH attorneys were required to research the vast body of First Amendment law on protected speech and adduce evidence to demonstrate that Mr. Estrada's criticisms of the Lento Law Group were protected public expression under PA UPEPA. *See* Goldberg Dec. at ¶ 15; ECF No. 21 at 7. In this regard, Mr. Estrada's motion to dismiss the SAC required PSWH attorneys to collect and analyze the lengthy record of disciplinary action by the State Bar Disciplinary Boards of Pennsylvania, New Jersey and Virginia against Mr. Lento, as well as reviewing eighteen similar frivolous defamation lawsuits filed by Plaintiffs. *See* ECF No. 21 at 12-15, 19-20; Ex. A, Goldberg Dec., at ¶ 16. Likewise, given the limited number of cases discussing PA UPEPA in Pennsylvania federal or state courts due to its newness, none of which discussed the applicability of PA UPEPA's fee-shifting provisions, PSWH attorneys were required to spend time analyzing the treatment of anti-SLAPP statutes in federal courts throughout the U.S., including how such courts analyzed similar fee-shifting provisions under the *Erie* doctrine. *See* ECF No. 21 at 20; Ex. A, Goldberg Dec., at ¶ 17.

Moreover, pleading missteps by Plaintiffs contributed to the number of hours PSWH billed. For example, because Plaintiffs filed the original complaint in Philadelphia Court of Common Pleas even though that Court lacked personal jurisdiction, PSWH was required to spend time analyzing, preparing, and filing a notice of removal. That analysis was more complex than a typical

12

diversity removal because, at the time, there was no precedent as to the applicability of UPEPA's fee-shifting provision in this federal district. *See* Ex. A, Goldberg Dec., at ¶ 19.

Plaintiffs' failure to include any of the alleged defamatory statements in their Amended Complaint complicated the briefing of Mr. Estrada's motion to dismiss the Amended Complaint by requiring Mr. Estrada's counsel to identify and explain, without knowing exactly which statements were at issue, the statements Plaintiffs appeared to contend were defamatory. *Id*. at ¶ 20. Plaintiffs' concession that the Amended Complaint could not withstand Mr. Estrada's Motion to Dismiss the Amended Complaint demonstrates that PSWH's fees in connection with that motion were warranted. *See* ECF No. 15 ¶ 12 ("On July 14, 2025, Plaintiffs' counsel, for the first time, had an opportunity to study the Rule 12 Motion. During that analysis, Plaintiffs' counsel first recognized that the Amended Complaint might not pass the *Twombly* test.").

Unlike Plaintiffs' first Amended Complaint, the SAC included allegations attempting to explain why each of the purportedly defamatory statements by Mr. Estrada was defamatory. *See* ECF No. 18 at ¶¶ 12-39.  Consequently, in moving to dismiss the SAC, Mr. Estrada's counsel was required to expend the time necessary to explain why each of those statements could not constitute defamation under Pennsylvania law. *See* Ex. A, Goldberg Dec., at ¶ 21.  To that end, among other responsive arguments and explanations, PSWH included in its brief a lengthy chart addressing each allegedly defamatory statement. ECF No. 21 at 8-11.

In addition, the Court directed Mr. Estrada to prepare and file the instant brief, *see* ECF No. 27, on which PSWH expended a total of 37.6 hours reviewing, analyzing, and summarizing Mr. Estrada's defense against three different complaints, as well as researching case law regarding the reasonableness of attorneys' fees. Ex. A, Goldberg Dec., at ¶¶ 24-26. This time, too, is both reasonable and recoverable under the fee-shifting framework. *See, e.g., Frazier v. SEPTA*, 1993

WL 38401, at *1 (E.D. Pa. Feb. 11, 1993) ("[T]ime spent on fee petition preparation is compensable.").

Given the billable hours required to address Plaintiffs' three separate complaints, the complexities presented by the application of UPEPA and its fee-shifting provision, and Plaintiffs' pleading gaffes, the 137.20 total hours expended by PSWH responding to Plaintiffs' complaints and preparing this brief are reasonable and should be awarded in full. *See* Ex. A, Goldberg Dec., at ¶ 26.

### 2. The Requested Fees Are Commensurate with the Quality of Legal Work Rendered

Where the work performed allows for an effective and efficient resolution of the claims at issue, the quality of that work weighs in favor of finding an award of fees reasonable. *See Jones v. Muir*, 515 A.2d 855, 864 (Pa. 1986); *see also In re Gas Meters Antitrust Litig.*, 500 F.Supp. 956, 960-61 (E.D. Pa. 1980) (awarding fees 2.5 times the lodestar based, in part, on a finding that "the result achieved clearly demonstrates the quality of the services performed" and thus that the "quality of [the] attorney's work mandates increasing the amount to which we have found the attorney reasonably entitled."). That is precisely the case here, where the work of defense counsel resulted in the withdrawal of two separate complaints, and a complete dismissal of Plaintiffs' claims in the SAC with prejudice and an award of attorneys' fees and costs. The high quality of PSWH's legal services in this action is underscored by the newness of PA UPEPA and the issue of first impression in this Court regarding the applicability of its fee-shifting provision where a claim is dismissed under Rule 12(b)(6). Accordingly, this factor weighs in favor of awarding Mr. Estrada the full measure of fees and costs incurred.

### 3. The Results Achieved Warrant a Full Fee Award

The United States Supreme Court has held, in considering an analogous fee-shifting provision under 42 U.S.C. § 1988, that where a "plaintiff has obtained excellent results," *i.e.*, a

14

complete and unqualified success on his claims or defenses, "his attorney should recover a fully compensatory fee" which "[n]ormally will encompass all hours reasonable expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983); *see also Howes v. Medical Components, Inc.*, 761 F.Supp.1193, (E.D. Pa. 1990) (holding that a trial victory resolving issues in client's favor in a complex patent trial equated to "superior results" supporting an award of all fees requested). As discussed herein, this case involved complex legal questions and PSWH obtained the withdrawal of the first two complaints, and the complete dismissal of the third, as well as fee-shifting. No better results could have been obtained in this litigation. Accordingly, the Court should award the full measure of fees and costs requested. *Hensley*, 461 U.S. at 435.

### 4. The Complexity and Uniqueness of the Legal Issues Involved Weigh in Favor of Granting Mr. Estrada's Fees and Expenses in Full

The complexity and uniqueness of the issues presented in this action, as set forth *supra*, also weigh in favor of granting Mr. Estrada's fees and expenses in full. *See, e.g., Callahan v. Commonwealth Land Title Ins. Co.*, Nos., 88-7656, 88-8319, 1990 WL 168273, at *17 (E.D. Pa. Oct. 29, 1990) (finding fees reasonable without reduction given the novel legal issues and "dearth of case law"); *Bistrian v. Levi*, No. 08-3010, 2024 WL 4980783, at *3 (E.D. Pa. Dec. 3, 2024) (granting fees requested without reduction because counsel "adeptly researched and briefed multiple complex legal issues, including issues of first impression."). In particular, as discussed herein, PSWH raised, and succeeded on, an issue of first impression for this Court by removing this action to federal court and seeking fee-shifting for a dismissal under Rule 12(b)(6). As reflected in the Court's comprehensive discussion of the applicability of PA UPEPA's fee-shifting in federal court under *Erie*, PSWH was required to expend considerable hours analyzing cases in this Circuit, and others, to cogently and persuasively demonstrate why Mr. Estrada should prevail on this issue of first impression in this Court.

15

### 5. *PSWH's Contingency Arrangement Warrants Awarding the Full Amount of Fees*

The fifth, and final, factor under Pa. R.C.P. 1717, is generally considered in the context of a request to enhance fees given the risks inherent to contingency-fee basis matters. *See, e.g., Birth Center*, 727 A.2d at 1161. Such enhancement is warranted to reward attorneys who accept the risk of loss of their fees. *Id*. ("The court may also consider the discretionary application of a fee enhancement to reflect the contingent risk[.]"); *Polselli v. Nationwide Mut. Fire Ins. Co.*, 126 F.3d 524, 527 (3d Cir. 1997) (affirming, in part, district court's lodestar enhancement where contingency fee model "imposed substantial risk of minimal recovery [and] extensive number of hours risked . . . with no guarantee of remuneration."); *Barker v. Hostetter*, No. 13-5081, 2017 WL 3215415, at *4 (E.D. Pa. July 28, 2017) (approving fee enhancement for "risk in undertaking this matter on a contingent fee basis" noting that counsel "invested considerable time and expense in this case, the case was a complex matter . . .and they achieved very substantial benefits for clients that may not have been able to vindicate their rights absent counsel's willingness to take the case on a contingent fee basis.").

PSWH agreed to represent Mr. Estrada on a contingency and accepted the risk of significant losses were the Court to have denied Mr. Estrada's motion to dismiss and were the action to have proceeded to discovery, trial, and/or appeals. Nevertheless, Mr. Estrada does not seek an enhancement of his fees, but instead this factor should weigh in favor of an award of the total amount of PSWH's fees and expenses. *Birth Center*, 727 A.2d at 1161; *Polselli*, 126 F.3d at 527; *Barker*, 2017 WL 3215415, at *4.

### CONCLUSION

Wherefore for all of the foregoing reasons Mr. Estrada should be awarded the full amount of fees and costs incurred in this action, totaling $107,748.50 and $405.00, respectively, inclusive of the fees and costs incurred in filing this brief.

16

Dated:  August 11, 2026

By: */s/ Seth A. Goldberg*
Seth A. Goldberg, Esq. (92478)

**PASHMAN STEIN WALDER HAYDEN**
A Professional Corporation
2005 Market Street, Suite 3150
Philadelphia, PA 19103
sgoldberg@pashmanstein.com
(267) 319-7762

*Attorneys for Defendant Kris Emmanuel Estrada*

17

## CERTIFICATE OF SERVICE

I, Seth A. Goldberg, hereby certify that on August 11, 2026, the above document was filed and served on all counsel of records via the Court's electronic filing system.

/s/ Seth A. Goldberg
Seth A. Goldberg